ALMON, Justice.
This is an appeal from a judgment confirming a sale of real property in an action originally filed as a suit for sale for division. Two of the heirs objected to the sale for division, but they have not appealed from the trial court’s decree. The appellant is the original plaintiff who requested the sale for division.
John W. Atchison filed this action as an heir of Steve and Mattie Atchison, who died intestate owning 239 acres of land, more or less. John’s complaint named as defendants Hattie Goodwin, “the other unknown heirs at law, or devisees of Steve and Mattie Atchison,” and all other persons claiming any interest in the lands. Hattie Goodwin was the only one of Steve and Mattie Atchison’s ten children then living. John is one of thirteen children born to Steve and Mattie’s son Curlee Atchison, deceased.
John’s brother Allen Atchison filed a motion to dismiss John’s complaint and a pleading denominated a “cross complaint,” which also requested a sale for division. The trial court granted the motion to dismiss and the case proceeded on Allen’s cross complaint.
During the course of proceedings, Mel-balene North Atchison and Wilbur Atchi-son were discovered as heirs of Steve and Mattie Atchison. Shortly after receiving service of process, Melbalene and Wilbur filed a “cross/cross complaint” which sought relief under Code 1975, § 35-6-100, et seq. (1983 Supp.). Under the provisions of this Code section, Melbalene and Wilbur sought to purchase the interests of the plaintiff and cross-plaintiff.
The court initially ruled that Melbalene and Wilbur would be allowed to purchase the interests of those seeking relief and any of the other owners who wished to sell. Approximately thirty-six days later, the court ordered a sale for division, noting *1244 that Melbalene and Wilbur had not paid the purchase price into court. Melbalene and Wilbur filed a motion to stay the public sale, which the trial court denied.
At the sale, two individuals who were not heirs purchased the land for $110,000; the land had been appraised at $138,000. Mel-balene and Wilbur filed a motion asking the court not to confirm the sale. In denying this motion, the court found, inter alia, that Melbalene and Wilbur “had ample and sufficient opportunity to pay to the Clerk of the Circuit Court the value of the interest of the co-tenants who desired to sell.”
Notice of appeal to this Court was filed which reads as follows: “Notice is hereby given that John W. Atchison appeals to the above-named court from the final decree and confirmation of Sale of Real property entered in this cause.” Various motions have since been filed in this Court, including a motion to dismiss the appeal on the following grounds:
“That, the ‘Notice of Appeal to the Supreme Court of Alabama’ filed in this cause states that the appeal is made by John W. Atchison; that the attorney filing the appeal represents Wilbur Atchi-son and Melbalene North Atchison; that the other appellate pleadings filed herein by said attorney indicate thereon that Wilbur Atchison and Melbalene North Atchison are the appellants; that John W. Atchison has testified that he is not the appellant; that Wilbur Atchison and Melbalene North Atchison have not given notice of appeal as required by Rule 4(a)(1) of the Alabama Rules of Appellate Procedure.”
This Court continued the motions to dismiss the appeal until submission on the merits, but the “appellants” have since filed a motion for a stay, asserting that the purchasers of the property are cutting timber and requesting this Court to order them to stop. In considering this motion, we have decided the judgment is due to be affirmed.
The only relief which John Atchison requested in the court below was a sale for division, whereas the issues raised by Mel-balene and Wilbur in the trial court and in the appellant’s brief challenge the sale for division for failure to comply with the provisions of Code 1975, § 35-6-100, et seq. John made no attempt in the trial court to purchase anyone’s interest under the terms of this Code section.
A party cannot raise on appeal issues affecting only parties who have not appealed. Johnson v. Brown, 437 So.2d 1273 (Ala.1983); Otts v. Gray, 287 Ala. 685, 255 So.2d 26 (1971); Coastal States Life Ins. Co. v. Gass, 278 Ala. 656, 180 So.2d 255 (1965). John W. Atchison is the only party who has perfected a timely appeal, and the record contains no indication that he raised any issues or arguments in the trial court which are raised on appeal. The judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.