862 So.2d 645 (2003)
Ex parte The MEDICAL ASSURANCE COMPANY, INC.
(In re Phillip Chancey and Beth Chancey
v.
East Alabama Behavioral Medicine, P.C., et al.)
1020566.
Supreme Court of Alabama.
April 25, 2003.
*646 Carol Ann Smith, Susan S. Hayes, and Candace L. Hudson of Smith & Ely, LLP, Birmingham, for petitioner.
Randy Myers of Richard Jordan, Randy Myers, and Ben Locklar, P.C., Montgomery; and Frank H. Hawthorne, Jr., of Hawthorne & Hawthorne, LLC, Montgomery, for respondents.
HOUSTON, Justice.
The Medical Assurance Company, Inc., an intervenor in an action pending in the Montgomery Circuit Court, petitions for a writ of mandamus ordering the trial court to continue the trial of issues relating to insurance coverage owed by Medical Assurance to the defendant, East Alabama Behavioral Medicine, P.C. We deny the writ.

I. Facts
On September 23, 1999, Phillip Chancey and his wife Beth Chancey sued Dr. Kimberly Whitchard and her employer, East Alabama Behavioral Medicine, P.C. ("East Alabama"), alleging medical malpractice under the Alabama Medical Liability Act, Ala.Code 1975, § 6-5-480 et seq. Before trial, Medical Assurance, the liability insurer for East Alabama, sought to intervene in the case for the purpose of requesting interrogatories or special verdict forms that would allow Medical Assurance to ascertain the basis of any jury verdict that might be taken against its insured. The trial court refused to allow Medical Assurance to intervene. Medical Assurance appealed, and we held that the trial court had not exceeded its discretion in denying Medical Assurance's motion to intervene. *647 Mutual Assurance, Inc. v. Chancey, 781 So.2d 172, 176 (Ala.2000).[1]
Following a pro tanto settlement, Dr. Whitchard was dismissed from the case, and the case proceeded to a jury trial against only East Alabama. The jury returned a verdict in favor of the Chanceys, and on September 13, 2002, the trial court entered judgment consistent with the jury's verdict against East Alabama in the amount of $495,000.
On October 15, 2002, Medical Assurance renewed its motion to intervene and sought a declaratory judgment that it owed "no coverage for the damages awarded against defendant East Alabama."[2] On *648 November 14 and December 11, 2002, the trial court heard arguments concerning posttrial motions filed by East Alabama. Apparently, no arguments were presented at those hearings relating to Medical Assurance's motion to intervene.
The Chanceys did not object to Medical Assurance's motion to intervene, and, before the trial court's ruling on the motion, twice noticed the deposition of a Medical Assurance representative pursuant to Rule 30(b)(6), Ala. R. Civ. P.
On January 10, 2003, the trial court entered an order granting Medical Assurance's renewed motion to intervene and scheduling a trial on the insurance-coverage issues for 13 days later on January 23, 2003.[3] Medical Assurance states that it did not receive notice of the trial court's order until January 15. The Chanceys filed their response to Medical Assurance's motion on January 16, 2003.
On January 16, Medical Assurance requested a continuance of the January 23 trial. On January 21, two days before the trial date, the trial court denied Medical Assurance's request for a continuance. Medical Assurance immediately moved for reconsideration of the trial court's denial, stating the following grounds:
"4. As a jury demand has been made in the underlying matter, the fact-finder for any coverage issues must also be a jury. Rule 40(a), Ala. R. Civ. P., envisions that any party will have at least sixty (60) days notice of a trial setting.... The current trial date of this matter conflicts with the provisions of Rule 40(a).
"5. The current trial setting does not provide Medical Assurance adequate time within which to prepare this matter for trial. Specifically, Medical Assurance has not been provided with the opportunity to:
"a. conduct discovery, including but not limited to depositions, written interrogatories, requests for production, and requests for admissions;
"b. fully explore and develop contract defenses to the issues tried in the underlying matter;
"c. locate and identify expert witnesses;
"d. prepare and submit dispositive motions;
"e. exchange witness exhibit lists; and,
"f. prepare and file detailed pre-trial motions.
"6. Counsel for Medical Assurance has only today [January 21] received a copy of the trial transcript from the trial of the underlying claims. The testimony contained therein is of critical importance to the requests for declaratory relief of Medical Assurance.
"7. The current trial setting does not provide Medical Assurance with adequate time to respond to or conduct investigation of the affirmative defenses raised in Plaintiff's Answer, which was filed with this Court only 3 days ago.
"8. Finally, lead trial counsel for Medical Assurance ... was recently hospitalized for pneumonia and is out of the state recuperating ... [and] has not *649 yet been released by her physician to return to work."
The trial court did not rule on Medical Assurance's motion. On January 22, the day before trial was to begin, Medical Assurance petitioned this Court for a writ of mandamus, based on the same reasons as set out in its motion asking the trial court to reconsider its order denying the continuance. We granted Medical Assurance's emergency motion to stay the proceedings. We now deny its petition for a writ of mandamus.

II. Standard of Review
This Court's standard of review applicable to a petition for a writ of mandamus is well settled:
"`Mandamus is an extraordinary remedy and requires a showing that there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"
Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000). A decision to deny a motion for continuance is within the sound discretion of the trial court. Kitchens v. Maye, 623 So.2d 1082 (Ala.1993); Thomas v. Kellett, 489 So.2d 554, 555 (Ala.1986)("It is well settled that the trial court's denial of a motion for continuance will not be overturned absent palpable or gross abuse of the trial court's discretion."). "A writ of mandamus may not be issued to control or review the exercise of discretion, except where an abuse of discretion is shown." Ex parte Speedee Cash of Alabama, Inc., 806 So.2d 389, 392 (Ala.2001).

III. Analysis
Medical Assurance argues that the trial court's setting a trial date 13 days after granting its motion to intervene conflicts with Rule 40(a), Ala. R. Civ. P., and therefore, Medical Assurance argues, the trial court exceeded its discretion in refusing to grant a continuance. Rule 40(a) provides:
"(a) Setting of cases. The trial of actions shall be set by entry on a trial docket or by written order at least 60 days before the date set for trial, subject to the following exceptions: (1) where, when the interests of justice require, the court continues the trial to a date that is less than 60 days from a previously set trial date that was set in compliance with this rule; (2) where a shorter period of time is available under the provisions of Rule 55 (`Default'); (3) where a shorter period of time is available under the provisions of Rule 65 (`Injunctions'); (4) where a shorter period of time serves the ends of justice in domestic relations cases; (5) where a shorter period of time serves the ends of justice in a habeas corpus or other similar proceeding where the liberty interest of an individual is at issue; (6) where an action has been appealed to the circuit court for de novo review, in which event the time period between setting and trial date shall be at least thirty (30) days; and (7) where a shorter period of time is otherwise provided by law or these rules or agreed to by all the parties."
(Emphasis added.)
While Rule 40 vests considerable discretion in the trial court concerning the setting of cases for trial, see Rule 40(a), Committee Comments on 1973 Adoption, the rule sets 60 days as the mandatory minimum time within which parties to an action must have notice of a trial setting. As shown above, however, the 60-day requirement is subject to certain exceptions. Rule 40(a)(7) provides that the 60-day limit is not applicable "where a shorter period of time is otherwise provided by law or these rules or agreed to by all the parties."
*650 In fact, the Alabama Rules of Civil Procedure do provide for a shorter period in a declaratory-judgment action. Rule 57, Ala. R. Civ. P., states, in part: "The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar." This rule clearly fits within the Rule 40(a)(7) exception to the 60-day notice requirement. The trial court, therefore, is not constricted to the 60-day notice requirement in a declaratory-judgment action. Yet even in a declaratory-judgment action, the trial court's discretion is not absolute. While there may be no mandatory minimum number of days provided for notice of a trial setting in a declaratory-judgment action, due process demands that the parties still have a fair chance to prepare for trial, to conduct discovery, to submit pretrial motions, and to conduct other necessary pretrial activities. If these matters can fairly be accomplished, the trial court may, in its discretion, set a declaratory-judgment action for a "speedy" trial upon less than the 60-day notice provided in Rule 40(a). See Rule 57, Ala. R. Civ. P.
In the present action, it is undisputed that in its motion to intervene Medical Assurance sought a declaratory judgment on coverage issues relating to the judgment against its insured, East Alabama. Therefore, Rule 40(a)(7), Ala. R. Civ. P., is determinative. Medical Assurance's petition for a writ of mandamus, however, relies solely on the 60-day notice requirement of Rule 40(a), without considering the effect of the exception set forth in Rule 40(a)(7).
A writ of mandamus will be issued only in a case where the petitioner has established a clear legal right to the order sought. Ex parte Inverness Constr. Co., 775 So.2d at 156. In light of the unique procedural posture of this case and Medical Assurance's misplaced reliance upon the 60-day notice requirement of Rule 40(a), we do not believe Medical Assurance has demonstrated a clear legal right to the requested relief. Accordingly, Medical Assurance's petition is due to be denied.
Additionally, Medical Assurance argues that the trial court exceeded its discretion in conditioning its grant of East Alabama's motion to stay the execution of the judgment on East Alabama's posting a bond in the amount of 125% of the judgment within five days of its January 10, 2003, order. This ruling, however, is adverse to East Alabama, not Medical Assurance. Therefore, Medical Assurance does not have standing to complain of the trial court's ruling on East Alabama's motion. See Atchison v. Goodwin, 460 So.2d 1243, 1244 (Ala.1984); Otts v. Gray, 287 Ala. 685, 691, 255 So.2d 26, 31 (1971). Accordingly, Medical Assurance has not demonstrated a clear legal right to a writ of mandamus on the ground that the trial court improperly required East Alabama to post a bond to stay execution of the judgment. See Ex parte Izundu, 568 So.2d 771, 772-73 (Ala. 1990).

IV. Conclusion
Because Medical Assurance has not shown a clear legal right to the writ of mandamus, its petition is denied.
PETITION DENIED.
MOORE, C.J., and SEE, LYONS, and JOHNSTONE, JJ., concur.
WOODALL, J., concurs in the result.
BROWN and STUART, JJ., dissent.
NOTES
[1] On May 20, 1999, the name of the corporation was changed from "Mutual Assurance, Inc.," to "The Medical Assurance Company, Inc."
[2] Medical Assurance's "renewed motion to intervene for limited purpose to address the issue of insurance coverage" states:

"Comes now Medical Assurance, Inc.... and renews its Motion for Intervention solely for the limited purpose of addressing insurance coverage for the verdict rendered in the case:
"1. On September 13, 2002, a jury verdict was rendered in the above action against defendant [East Alabama]. The verdict form completed by the jury and entered by the Court held in favor of the plaintiffs and awarded compensatory damages in the amount of $2.00 and awarded punitive damages in the amount of $498,000.00. The verdict was reduced by the amount of a settlement with another defendant making the total award $495,000.00.
"2. Based upon this award, Medical Assurance now renews its Motion to Intervene. In this motion, Medical Assurance seeks a determination from this court that there is no coverage for the damages awarded against defendant [East Alabama]. In support of this motion, Medical Assurance respectfully shows the court as follows:
"3. Medical Assurance issued a Professional Liability Insurance Policy [to East Alabama].... The policy provides, in pertinent part: that Medical Assurance will pay all sums that the insureds become legally liable to pay as damages because of a medical incident .... The policy defines medical incident as `a single act or omission or a series of related acts or omissions arising out of the rendering of, or the failure to render, professional services to any person... by the named insured or any person for whose acts or omissions the named insured is legally responsible; ... which results or is likely to result in damages or a claim or suit.' The policy defines professional services as the provision of medical opinions or medical advice. The evidence presented at trial and upon which the jury's verdict is based does not involve a `medical incident' as defined by the policy.
"4. [East Alabama's] insurance policy with Medical Assurance excludes liability `arising out of any willful, wanton, fraudulent, criminal, or malicious act or omission.' The jury's verdict amounts awarded for punitive damages arise out of such conduct and are expressly excluded from coverage.
"5. The jury verdict was based upon evidence that a doctor at [East Alabama] engaged in sexual intercourse or other sexual contact with a patient, plaintiff Phillip Chancey. Medical Assurance's policy issued to [East Alabama] contains Exclusion (e) which excludes from coverage damages `arising out of sexual activity, or acts in the furtherance of sexual activity on the part of the Named Insured or any person for whose acts the Named Insured is legally responsible, whether under the guise of treatment or not, and provided that this exclusion shall not apply to the defense of suits for which coverage is otherwise afforded.
"6. The policy also excludes liability arising out of intentional acts under Exclusion (d). The jury's verdict was based upon a finding that the insured was guilty of committing intentional acts and the awards are therefore excluded from coverage.
"7. Evidence was presented at trial that the insured altered patient records and therefore violated a condition of the policy which voids coverage and terminates any obligation which Medical Assurance has under its policy with [East Alabama]....
"WHEREFORE, PREMISES CONSIDERED, Medical Assurance respectfully requests this court enter an order granting its motion for limited intervention for the sole purpose of determining insurance coverage for the jury's award in this case."
[3] The trial court's January 10, 2003, order also granted East Alabama's "motion for stay [of] execution," but conditioned the stay upon East Alabama's posting of a bond in the amount of 125% of the judgment by January 15, 2003.