Liberty National Life Insurance Company and Torchmark Corporation[1] (hereinafter collectively referred to as "Liberty National") petition this Court for a writ of mandamus directing the Choctaw Circuit Court, either to dismiss this action or to certify to this Court for a permissive appeal under Rule 5, Ala. R.App. P., the question whether the action should be dismissed. We grant the petition.
 I. Facts and Procedural History
Barbara Roberts, Duane Johnson, and Mary Nalley sued Liberty National in the Choctaw Circuit Court, alleging breach of contract, unjust enrichment, misrepresentation, and suppression. The action was brought on behalf of them and a class of persons who were the insureds under certain types of cancer-insurance policies sold by Liberty National (hereinafter "the plaintiffs"). The plaintiffs alleged that Liberty National failed to inform them that it had closed their block of insurance policies and that Liberty National had actively misrepresented the reasons for the increase in the amount of their premiums.
The plaintiffs were all members of the class certified inAdams v. Robertson, 676 So.2d 1265 (Ala. 1995). Robertson, a class action filed in the Barbour Circuit Court, involved over 400,000 policyholders of Liberty National Life Insurance Company cancer insurance (hereinafter the "Robertson class"). TheRobertson class alleged that Liberty National Life Insurance Company had fraudulently encouraged them to switch their insurance policies ("the old policies") for new policies that provided less coverage ("the new policies"). The Robertson
class included both persons who had switched to the new policies and those who had retained their old policies. The action was settled, and the settlement, as modified, was approved by the trial court; its order was affirmed by this Court.
The settlement required Liberty National Life Insurance Company to offer to the members of the Robertson class insurance policies with substantially all of the benefits of the old and new policies; it also prevented Liberty National Life Insurance Company from increasing premiums on the policies for three years and from ever increasing premiums by an amount that would result in a loss ratio of less than 55%. These "special policies"[2] were never offered to persons outside theRobertson *Page 480 
class. After three years, the premiums for the Robertson class increased substantially, but never exceeded the limit set forth in the Robertson settlement.
After Liberty National Life Insurance Company increased the premiums, the plaintiffs filed this action in the Choctaw Circuit Court against Liberty National, seeking another class certification. In response, Liberty National filed a motion to dismiss or, in the alternative, for a summary judgment. The basis of its motion was 1) that the Robertson settlement gave the Barbour Circuit Court continuing jurisdiction over matters related to the Robertson settlement and its enforcement and that, therefore, the Choctaw Circuit Court lacked subject-matter jurisdiction, 2) that the current action was barred by the res judicata effect of Robertson, and 3) that the claims now being asserted by the plaintiffs had been released as a part of theRobertson settlement. The court denied the motion.
Liberty National then filed a motion to alter, amend, or vacate the order denying its motion or, in the alternative, to certify the order for an interlocutory appeal, pursuant to Rule 5, Ala. R.App. P. The court denied that motion as well. Liberty National now seeks a writ of mandamus ordering the trial judge either to dismiss the action or to certify for an interlocutory appeal his denial of its motion to dismiss.
 II. Analysis
"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr.Co., 775 So.2d 805 (Ala. 2000).
The Robertson settlement provided that the Barbour Circuit Court reserved and maintained
 "continuing jurisdiction over all matters relating to the Settlement or the consummation of the Settlement; the validity of the Settlement; the construction and enforcement of the Settlement and any orders entered pursuant thereto; . . . and all other matters pertaining to the Settlement or its implementation and enforcement."
Robertson, 676 So.2d at 1307. Thus, the Barbour Circuit Court in Robertson expressly retained continuing jurisdiction over matters "relating to" the Robertson settlement and the enforcement of that settlement.
This action involves matters "relating to" the Robertson
settlement and its enforcement. The Robertson settlement created the closed block of insurance, which forms the basis of the plaintiffs' complaint, by not requiring Liberty National to offer the "special policies" created as a result of the settlement to nonmembers of the Robertson class. There was testimony at the Robertson fairness hearing that the creation of the closed block would cause the premiums of the "special policies" to increase substantially in the future. Notwithstanding this evidence, the Barbour Circuit Court approved the settlement, and this Court affirmed its order on appeal. Likewise, Robertson adjudicated the relief afforded to class members such as Duane Johnson, who had "old policies" that were no longer being sold, by giving those class members the option of exchanging their "old policies" for "special policies." In addition, at the fairness hearing, the Robertson court adjudicated the propriety of future premium increases as toRobertson *Page 481 
class members, set limits on future premium increases, and established a three-year freeze on premiums.
The current action seeks to attack all of the above aspects of the Robertson settlement, even though they were litigated at the fairness hearing, approved by the trial court, and reviewed by this Court. Thus, the current action essentially attempts to attack collaterally in another circuit court portions of theRobertson settlement.
This type of collateral attack is not permitted. The boundary lines between courts of concurrent jurisdiction must be preserved. "`"[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction."'" Ex parte First Nat'l Bank ofJasper, 717 So.2d 342, 350 (Ala. 1997) (quoting Ex parteLiberty Nat'l Life Ins. Co., 631 So.2d 865, 867 (Ala. 1993), quoting in turn Ex parte State ex rel. Ussery, 285 Ala. 279,281, 231 So.2d 314, 315 (1970)).
The Barbour Circuit Court expressly retained continuing jurisdiction over matters relating to the Robertson settlement and the enforcement of that settlement. Therefore, the Choctaw Circuit Court does not have jurisdiction to hear this action, which is essentially an attack in another circuit court on theRobertson settlement. Because we hold that the Choctaw Circuit Court does not have jurisdiction in this action, we cannot address Liberty National's defenses of res judicata and release.
 III. Conclusion
Because the Barbour Circuit Court has jurisdiction over matters relating to the Robertson settlement and its enforcement and because the current action relates to the Robertson settlement and its enforcement, we hold that the Choctaw Circuit Court does not have subject-matter jurisdiction. We order the Choctaw Circuit Court to dismiss this action.
PETITION GRANTED; WRIT ISSUED.
SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in the rationale in part and concurs in the judgment.
LYONS, J., recuses himself.
[1] Torchmark Corporation is the parent company of Liberty National. The plaintiffs allege that Torchmark Corporation actively participated in the wrongs alleged in their complaint and/or ratified the wrongs committed by Liberty National Life Insurance Company.
[2] Duane Johnson, one of the plaintiffs, did not switch to the "special policy" created by the Robertson settlement. Instead, he retained his "old policy." Nonetheless, the Robertson
settlement adjudicated the relief to be afforded to Robertson
class members who had "old policies." The Robertson settlement gave them the option to exchange their "old policies" for "special policies."