THOMAS, Judge.
'Thelma Balfour filed a complaint in the Jefferson District Court (“the district *405 court”) against “Martin Thomas, Manager Riverchase Galleria Mall, General Growth Properties, Hoover Mall, Ltd., LLC” (hereinafter referred to as “the defendants”).[1] On January 13, 2015, the district court entered á final judgment in favor of the defendants. Balfour filed a notice of appeal in the Jefferson Circuit Court (“the circuit court”). The circuit court denied the defendants’ motion to dismiss the appeal, The defendants petition this court for a writ of mandamus directing the circuit court to dismiss Balfour’s appeal of the district court’s judgment. The question before this court is whether Balfour’s notice of appeal was timely filed.
“‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).”
Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).
Section 12-12-70(a), Ala.Code 1975, provides, in pertinent part: “Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment....” January 27, 2015, was 14 days after January 13, 2015, the date the district court’s judgment was entered. The materials submitted for our review by the defendants indicate that the Jefferson County circuit clerk signed and dated the notice of appeal as having been filed on January 28, 2015, and an entry on the State Judicial Information System indicates that Balfour filed her- notice of appeal on January 28, 2015. However, the materials submitted for our review by Balfour demonstrate that the notice of appeal is clearly date stamped as having been “filed” by the “district civil division” on January 27, 2015, and Balfour received a receipt for payment of a filing fee dated “01/27/2015.”
Thus, the materials before us clearly demonstrate that Balfour’s notice of appeal was filed on January 27, 2015, and that Balfour paid a filing fee that sanie day. Therefore, the defendants have not shown a clear legal right to a writ of mandamus directing the circuit court to dismiss the appeal of the district court’s judgment as untimely; therefore, we deny the petition.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The petition for a writ of mandamus filed in this court identifies the petitioners as "River-chase Galleria Mall, et al.” It is unclear from the materials before us whether "Riverchase Galleria Mall” is an existing legal entity or a party to the underlying proceedings.