THOMAS, Judge.
Deronyo Tolbert appeals from a judgment entered by the Baldwin Circuit Court ("the circuit court") in favor of Francesca G. Ervin on his claim alleging that Ervin owed $2,846 for landscaping performed by Tolbert. Tolbert originally sued Ervin in the Baldwin District Court ("the district court"); Ervin answered and counterclaimed, seeking damages for breach of contract and for negligence. After a trial, the district court entered a judgment in favor of Tolbert on his claim and on Ervin's counterclaims. According to Ervin, she filed a notice of appeal indicating her desire to appeal the district court's judgment to the circuit court. Tolbert moved to dismiss Ervin's action in the *880 circuit court, arguing that Ervin had not properly perfected her appeal. The circuit court denied that motion, and the case was tried; the circuit court then entered a judgment in favor of Ervin on Tolbert's claim and in favor of Tolbert on Ervin's counterclaims, and Tolbert appealed. On appeal, Tolbert argues only that the circuit court erred in denying his motion to dismiss Ervin's appeal.
Tolbert contends that the record does not contain a copy of the notice of appeal filed in the district court. He also notes that the State Judicial Information System case-action-summary sheet from the district court does not reflect that Ervin filed a notice of appeal in the district court. Thus, he argues, the circuit court never acquired subject-matter jurisdiction over the attempted appeal.
However, the case-action-summary sheet from the circuit-court appeal indicates that the circuit-court clerk had in its possession a copy of the notice of appeal, copies of which were provided with a notice that was served on both parties on March 28, 2017. Thus, the record reflects that Ervin filed her notice of appeal on or before that date, rendering it timely. Furthermore, a copy of the fee sheet from the circuit court reflects that Ervin paid in the circuit court the fee for the appeal and the appeal bond set by the district court.
Tolbert appears to be arguing that the notice of appeal was improperly filed with the circuit-court clerk, as opposed to the district-court clerk, rendering the filing of the notice of appeal ineffective. However, we note that the clerk of the circuit court acts as the ex officio clerk of the district court. See Ala. Code 1975, § 12-17-160 ("Except as otherwise provided in this article, the clerk of the circuit court shall be ex officio clerk of the district court within the circuit and shall have administrative responsibility for and supervision of the records and clerical services of the district court in accordance with applicable general laws and rules."). Although, pursuant to Ala. Code 1975, § 12-17-161(a) and (b), our supreme court has the authority to authorize "the operation of a separate clerk's office for the district court of a county" and the Administrative Director of Courts has the authority to appoint a clerk of the district court in such circumstances, Baldwin County has no district-court clerk, and, as of April 10, 2018, our supreme court has abolished the office of district-court clerk. Thus, because a circuit-court clerk is, in effect, also the district-court clerk, a filing in the "wrong" court is deemed to have been properly filed. See Ex parte Higgins, 423 So.2d 227, 228 (Ala. 1982) (construing former Ala. Code 1975, § 26-12-2, which required that a notice of appeal from a paternity judgment be filed in both the circuit court and the juvenile court, as having been satisfied by the filing of one notice of appeal with the circuit-court clerk in a circuit in which no district-court clerk had been appointed pursuant to § 12-17-161 ); and Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala. 1985) (concluding that the filing of postjudgment motions in the office of the district-court clerk instead of the office of the circuit-court clerk was an effective and timely filing of the postjudgment motions because the circuit-court clerk was the ex officio clerk of the district court).
The dissent argues, based on Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133 (1949), and the cases cited therein, that the absence of a copy of the notice of appeal from the district court to the circuit court in the record compels dismissal of this appeal. However, the statutory provisions applicable at the time Brock and the cases cited therein were decided were applicable only to appeals to the Alabama Supreme Court and (1) did not necessarily require *881 the filing of a written notice of appeal, see Ala. Code 1940, Tit. 7, § 766; Ala. Code 1923, § 6101; Riddle v. Adams, 231 Ala. 596, 165 So. 848 (1936) (noting that the appeal was initiated by the filing of an appeal bond ); and McLeod v. Turner, 230 Ala. 673, 673, 162 So. 309, 310 (1935) (noting that "[t]he appeal was taken ... by the filing of an appeal bond"), (2) required that the clerk, upon the taking of appeal, "issue a citation to the adverse party ... notifying him of the appeal," see Ala. Code 1940, Tit. 7, § 801; Ala. Code 1923, § 6140; and Ala. Code 1907, § 2881, and (3) required that the clerk deliver to the appellant with the appellate record "his certificate that the appeal was taken, and the time when, and when returnable, and the citation and a copy of the appeal bond, if any was given ...." Ala. Code 1940, Tit. 7, § 767; Ala. Code 1923, § 6106; and Ala. Code 1907, § 2848. In Brock and in each case upon which it relied, the appeal was dismissed because the record contained either no citation of appeal from the clerk or because that citation had not been properly served on the appellee. Brock, 253 Ala. at 139, 43 So.2d at 134 (dismissing the appeal because no citation of appeal had been served on the appellee); Riddle, 231 Ala. at 597, 165 So. at 848 (dismissing the appeal because the attempted service of the citation on the appellee by registered mail was improper); McLeod, 230 Ala. at 673, 162 So. at 310 (dismissing the appeal because the record did not indicate that a citation of appeal had been served on the appellee and because the record lacked a certificate of appeal issued by the clerk); and State ex rel. Lynne v. Gurley, 217 Ala. 666, 666-67, 117 So. 297, 297-98 (1928) (dismissing the appeal because the record did not reveal that the appellee had been served with a citation of appeal or other notice of the existence of the appeal). Thus, those cases do not stand for the proposition that the lack of a copy of the notice of appeal in the record requires the dismissal of an appeal from the district court to the circuit court. Instead, those cases appear to focus on whether the appellee had been given due notice of the existence of the appeal and was therefore a party in the appellate court.
Based on the information contained in the record, we are not convinced that Ervin did not timely and properly file her notice of appeal. Although the district-court case-action-summary sheet should reflect the notice of appeal, the fact that it does not is not compelling, in light of the fact that the circuit court case-action-summary sheet shows that a copy of the notice of appeal was provided to both parties by the circuit court within the 14-day period for appeal and that payment for the appeal and the appeal bond were accepted during that same period. Cf. Ex parte Riverchase Galleria Mall, 192 So.3d 404, 405 (Ala. Civ. App. 2015) (indicating that a notice of appeal was timely filed when stamped by the clerk within the applicable 14-day period for appeal). That information, coupled with the circuit court's denial of Tolbert's motion to dismiss, see Ex parte Higgins, 423 So.2d at 228 (noting that the circuit court in that appeal had denied a motion to dismiss based upon the argument that the postjudgment motions had not been filed with the clerk of the circuit court but, instead, had been filed with the clerk of the district court), supports the conclusion that a timely notice of appeal was properly filed by Ervin. Accordingly, because Tolbert makes no argument pertaining to the propriety of the judgment in favor of Ervin, we affirm the judgment of the circuit court.
AFFIRMED.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Moore, J., dissents, with writing.