736 So.2d 550 (1999)
Ex parte Michael Ann WAITES.
In re Michael Ann Waites
v.
Jim Burke Motors, Inc., et al.
No. 1971963.
Supreme Court of Alabama.
February 26, 1999.
Rehearing Denied June 4, 1999.
*551 John F. Kizer, Jr., and Melissa B. Collins of John F. Kizer, Jr., L.L.C., Birmingham, for petitioner.
John Martin Galese, David A. Norris, and Freddie N. Harrington, Jr., of John Martin Galese, P.A., Birmingham, for respondents Jim Burke Motors, Inc., and Mike Fitzgerald.
PER CURIAM.
The plaintiff, Michael Ann Waites, petitions this Court for a writ of mandamus directing Judge Jack Carl of the Circuit Court of Jefferson County to withdraw his order compelling the arbitration of Waites's claim against the defendants, Jim Burke Motors, Inc., and Mike Fitzgerald. We deny the writ.
On or about June 6, 1997, Waites entered into negotiations with Jim Burke Motors for the sale of an automobile. Waites dealt directly with Fitzgerald, a salesman for Jim Burke Motors. During the course of the negotiations, Waites sought financing for the vehicle. However, there was a problem with the financing because of questions concerning Waites's income and the status of her husband's credit. The problem was eventually resolved and Waites ultimately obtained financing and purchased the automobile.
In conjunction with the purchase of the automobile, Waites signed a buyer's order. The buyer's order contained the following arbitration provision:
"I. ALTERNATIVE DISPUTE RESOLUTION AGREEMENT BY BINDING ARBITRATION: The Dealer and Purchaser(s) mutually covenant, stipulate and agree, in connection with the resolution of any dispute arising out of the contract(s) entered into by the parties of and concerning the within-described motor vehicle, as follows: That the vehicle described within was manufactured outside of Alabama; has operated and will continue to operate on interstate highways; has been traveling in interstate commerce; the manufacture, transportation, sale and use thereof will continue to be regulated by laws of the United States of America; and, that the contract(s) entered into by the parties concerning said motor vehicle evidence transactions involving and affecting interstate commerce. The undersigned agree that all disputes not barred by applicable statutes of limitations or otherwise barred by law, resulting from or arising out of the sale transaction entered into (including but not limited to: the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the purchaser(s); the condition of the motor vehicle; the conformity of the motor vehicle sold pursuant to the contract of sale; the representations, promises, undertakings, warranties or covenants made by Dealer in connection with the sale of the motor vehicle, or otherwise dealing with the motor vehicle; the terms of financing in connection therewith; any terms or provisions of any credit life and/or disability insurance purchased simultaneously herewith; or any terms or provisions of any extended service contract purchased simultaneously herewith); that Dealer and the purchaser(s) agree to submit such disputes(s) to BINDING ARBITRATION, pursuant to the provisions of 9 U.S.C. Section 1, et seq. and according to the Commercial Rules of the American Arbitration Association then existing in the county where the dealer maintains its principal place of business, except as follows: (1) The arbitrators impaneled to arbitrate this matter shall be selected by the parties to the agreement *552 as followsThe dealer shall select an arbitrator. The Purchaser(s) shall select an arbitrator. The two arbitrators so selected shall select a third arbitrator, who shall be a certified A.S.E. Master Mechanic; (2) The prepaid arbitration filing fees and all other costs of the arbitration proceeding shall be paid by the party seeking affirmative relief. THIS ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT, AND IN LIEU OF ANY TRIAL BY JURY."
(Bold type in the original.)
Following the completion of the transaction, Waites recommended the dealership to several friends as a good place to shop for and to purchase an automobile. One of these friends, Susan Smith, contacted Fitzgerald and informed him that Waites had recommended that she shop for a vehicle at Jim Burke Motors. Smith ultimately found a vehicle she liked and she and Fitzgerald began negotiating the sale of the vehicle. When Smith and Fitzgerald were discussing financing options, Fitzgerald stated "If [Waites] could get financing for an automobile, anyone could." (Count I, ¶ 5 of complaint attached to Petition.) Smith told Waites what Fitzgerald had said.
On June 12, 1998, Waites filed an action in the Circuit Court of Jefferson County against Jim Burke Motors and Fitzgerald, alleging invasion of privacy and fraud.[1] Shortly thereafter, the defendants filed a motion to compel Waites to submit her claims to binding arbitration, under the arbitration clause contained in the buyer's order. On July 31, 1998, the trial judge stayed the proceedings in the trial court and ordered that the claims be submitted to arbitration. Waites then filed this petition for the writ of mandamus.
Waites contends that the trial court erred in compelling arbitration with regard to her claim alleging invasion of privacy because the claim asserts an intentional tort and therefore, she argues, is outside the scope of the arbitration provision contained in the buyer's order. Jim Burke Motors and Fitzgerald argue that the trial court correctly stayed the proceedings and ordered the claim be submitted to arbitration because, they say, the broad language of the arbitration provision clearly conferred on the panel of arbitrators the power to determine the issue of arbitrability. Waites's petition does not address the question whether the arbitration provision evidences the parties' intent to submit to arbitration the issue of arbitrability. However, this is the issue before this Court.
Waites does not challenge the validity of the contract or validity of the arbitration provision; she argues only that her invasion-of-privacy claim is not covered by the arbitration provision. Therefore, we must look to the language of the arbitration provision to determine whether the parties agreed to arbitrate the preliminary issue of the arbitrability of a claim. "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is `clea[r] and unmistakabl[e]' evidence that they did so." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The arbitration provision included in the contract entered into by the parties states that the parties agree to arbitrate any disputes "resulting from or arising out of the sale transaction entered into (including but not limited to: the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties ... )" (emphasis added). This language expresses a clear intent to submit to arbitration the issue of arbitrability, and, under this Court's holding in Brilliant Homes, Ltd. v. Lind, 722 *553 So.2d 753 (Ala.1998), the trial court correctly stayed the proceedings in this case and compelled arbitration.
Mandamus is an extraordinary remedy, requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Gates, 675 So.2d 371, 374 (Ala.1996). Waites's petition does not present any evidence to rebut the clear language of the arbitration provision included in the buyer's order. Accordingly, Waites's petition for the writ of mandamus is denied.[2]
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, and BROWN, JJ., concur.
SEE, J., concurs in the result. COOK, J., dissents.
COOK, Justice (dissenting).
I dissent from the majority's denial of Waites's petition for a writ of mandamus directing the Jefferson County Circuit Court to withdraw its order compelling arbitration of Waites's invasion-of-privacy claim against the defendants.
The arbitration provision contained in the buyer's order clearly states that any dispute arising out of the contract and concerning the purchased motor vehicle (a 1994 Nissan Maxima automobile) shall be submitted to binding arbitration. However, Waites's claim against Jim Burke Motors and Fitzgerald alleging invasion of privacy does not fall within the scope of the arbitration provision; it does not arise out of the contract entered into by the parties concerning the purchased motor vehicle.
After completing the purchase of the 1994 Nissan Maxima automobile, Waites recommended Jim Burke Motors to several people, one of whom, Susan Smith, subsequently went to the dealership to purchase a vehicle. Smith told the salesman who was assisting her, Fitzgerald, that she had been referred by Waites. While Smith and Fitzgerald were discussing financing options, he stated, "If [Waites] could get financing for an automobile, anyone could." It was the business being transacted between Jim Burke Motors and this third party out of which the invasionof-privacy claim arose; it did not arise out of the contract between Jim Burke Motors and Waites for the purchase of the 1994 Nissan automobile, which is the subject matter of the arbitration provision. I would grant Waites's petition; therefore, I dissent.
NOTES
[1] Waites concedes that her fraud claim is within the scope of the arbitration provision she signed when she purchased the vehicle. Accordingly, Waites does not challenge that portion of the trial court's order compelling arbitration of her fraud claim.
[2] Our holding in this case does not reach the question whether the arbitration provision is broad enough to ultimately encompass Waites's claim alleging invasion of privacy.