This is an arbitration dispute between on the one side, two condominium associations, and, on the other side, the defendants — the developer, the general contractor, the architect, and related subcontractors. Inverness Construction Company, Inc., Surf Side Shores, Inc., Ocean House, Inc., Cable Concrete Structures, Inc., Samuel F. Johnson, Jr., P.E., Milco Building Products, Inc., Service Supply Systems, Inc., and Henry Norris and Associates, Inc., seek mandamus review of the orders of Judges Charles C. Partin and Robert Wilters in the Baldwin Circuit Court denying their motions to compel arbitration. For the reasons stated infra, we deny the petitions.
On or about March 1, 1994, and July 8, 1991, the defendant Henry Norris and Associates, Inc., entered into agreements with Bill Littrell and Gordon Henderson *Page 155 
(owners of the land to be developed) to provide architectural services for developments that were to become "Ocean House, Phase I" and "Surf Side, Phase I"; both are nine-story condominiums. Those agreements were contained in a document prepared by the American Institute of Architecture, known as AIA Document B161 and entitled "Standard Form of Agreement Between Owner and Architect for Designated Services (1977 Edition)."
The developers, Ocean House, Inc., and Surf Side Shores, Inc. (referred to hereafter collectively as "the developers"), entered into construction contracts with the J.W. Hartlein Construction Company, Inc. ("Hartlein"). By the terms of those contracts, Hartlein was to construct "Ocean House, Phase I" and "Surf Side, Phase I." In the interim between the construction and the filing of the present petitions for the writ of mandamus, Hartlein merged into Inverness Construction Company, Inc.
Without question, the contract between Henry Norris and Associates, Inc., Bill Littrell, and Gordon Henderson, and the contracts between the developers and Hartlein contained provisions explicitly requiring the parties to these contracts to submit disputes arising under the contracts to binding arbitration. Less certain, however, is whether disputes between the parties and nonparties arising under these contracts must be submitted to arbitration, even if the nonparties are third party beneficiaries of the contracts.
Ocean House Condominium Owners Association, Inc., and Surf Side Shores Condominium Owners Association, Inc. (referred to collectively as "the Associations"), filed complaints in the Baldwin Circuit Court against the architect, the general contractor, developers, and various subcontractors on December 24, 1997, and July 2, 1998 respectively. The complaints allege breach of warranties; negligence; wantonness; a violation of the Alabama Uniform Condominium Act, Ala. Code 1975, § 35-8A-101, et seq.; and breach of contract. The Associations' breach-of-contract and Uniform Condominium Act claims are based on the Associations' status as third-party beneficiaries of the contracts between the developers (Ocean House, Inc., and Surf Side Shores, Inc.), Inverness, Henry Norris and Associates, and the subcontractors.
On or about March 3, 1999, Henry Norris and Associates, Inc., filed motions to compel arbitration in both cases.[1] Henry Norris and Associates alleged in its motions that the agreements between the landowners (Littrell and Henderson) and the architect, contain provisions requiring that any claims and/or disputes arising out of these contracts be submitted to arbitration. Norris contends that even though the Associations are not signatories to any of the contracts between the defendants, the Associations raised claims as third-party beneficiaries of those contracts, and, therefore, that the Associations should be equitably estopped from avoiding arbitration.
The Associations filed responses to the motions to compel arbitration, contending that they were not signatories to any of the contracts and that they were not successors-in-interest to Ocean House, Inc., and Surf Side Shores, Inc., the developers. Therefore, the Associations argued, the motions to compel arbitration should be denied. The judge assigned to the Surf Side Shores case denied the motions to compel arbitration, on April 2, 1999. The trial judge assigned to the Ocean House case also denied the motions to compel arbitration, on May 25, 1999. The May 25, 1999 order stated:
 "All motions to compel arbitration are denied because the plaintiff was not a signatory to the contract which contained the arbitration agreement. It is the Court's opinion that the arbitration agreements apply only to the architect, *Page 156 
[the] general contractor and the owner and any subcontractors[,] but not to the property owners' association."
Inverness and Cable Concrete Structures, Inc. filed motions to "reconsider" in both cases, on June 10, 1999 and June 16, 1999, respectively. The trial court denied the motions to reconsider in the Ocean House case on June 21, 1999. It is unclear from the record when the motion to reconsider was denied in the Surf Side Shores case; however, both Inverness and Surf Side Shores Condominium Association state in their briefs that the motion to reconsider was denied. The petitioners filed these mandamus petitions on July 9, 1999, in the Surf Side Shores case and on August 3, 1999, in the Ocean House case. They seek an order requiring the trial judges to grant their motions to compel arbitration.
"Mandamus is an extraordinary remedy and requires a showing that there is: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Exparte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parteJohnson, 638 So.2d 772, 773 (Ala. 1994)." Ex parte Gates,675 So.2d 371, 374 (Ala. 1996). See also Ex parte Waites, 736 So.2d 550,553 (Ala. 1999). "It is well settled that when an appellate court reviews on appeal a trial court's denial of a motion to compel arbitration, the reviewing court applies a de novo standard of review. Crimson Industries, Inc. v. Kirkland, 736 So.2d 597 (Ala. 1999); Patrick Home Center, Inc. v. Karr, 730 So.2d 1171 (Ala. 1999)." First American Title Ins. Corp. v. Silvernell,744 So.2d 883, 886 (Ala. 1999).
This Court has held that an appeal is the proper procedural vehicle by which to seek appellate review of a trial court's order denying a motion to compel arbitration:
 "A direct appeal is the proper procedure by which to seek review of a trial court's denial of a motion to compel arbitration. See Crimson Industries, Inc. v. Kirkland, 736 So.2d 597, 600 (Ala. 1999); A.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990); see also Federal Arbitration Act (`FAA'), 9 U.S.C. § 16 (providing that an appeal may be taken from an order denying a motion to compel arbitration)."
Dean Witter Reynolds, Inc. v. McDonald, 758 So.2d 539, 541
(Ala. 1999). See also Homes of Legend, Inc. v. McCollough,776 So.2d 741 (Ala. 2000).
The petitioners asks this Court to order the trial judge in each case to enter an order compelling the parties to arbitrate. However, "[m]andamus is an extraordinary remedy, and it is not proper where the petitioner has some other adequate remedy."Allred v. Shirley, 598 So.2d 1347, 1348 (Ala. 1992). (Citations omitted.) Inverness had an adequate remedy by appeal. Therefore, the petitions must be denied.
WRITS DENIED.
Hooper, C.J., and Houston, See, and Johnstone, JJ., concur.
Maddox, Cook, and Lyons, JJ., concur in the result.
[1] The remaining defendants named in the complaint filed by the Associations moved to compel arbitration and incorporated by reference the arguments advanced by Henry Norris and Associates.