The BOC Group, Inc. ("BOC"), a defendant in an action pending in the Jefferson Circuit Court, moved the circuit court to dismiss or to stay that action, styled *Page 1272 National Metals, Inc., v. BOC, Inc.; The BOC Group, Inc.; BOC Gases ("theNational Metals action"), asserting that another case in the Jefferson Circuit Court, styled MKS Holdings, Inc., d/b/a M. Kimerling Sonsv. BOC Group PLC, d/b/a The BOC Group, Inc., ("the MKS action"), was substantially similar to the National Metals action. The trial court denied BOC's motion and its two subsequent motions to reconsider. BOC therefore petitions for a writ of mandamus directing Judge Dan C. King III, circuit judge for the Jefferson Circuit Court, to enter an order staying the proceedings in the National Metals action. We grant BOC's petition.
The MKS action was filed on February 1, 1999, in the Jefferson Circuit Court. It named BOC as a defendant and claimed that BOC had wrongfully collected certain hazardous-material fees. Such fees, it alleged, were represented to be governmental or regulatory in nature, but were in fact "phantom charges" not required by any regulation. The action was brought on behalf of a putative class of plaintiffs who paid the hazardous-material fees to BOC, and the complaint alleged breach of contract, fraud, suppression, unjust enrichment, and conspiracy and sought the imposition of a constructive trust. Discovery and document exchanges have been conducted on the class-certification issues, and both the certification hearing and the trial have been scheduled.
On November 22, 2000, National Metals filed its own class-action suit against BOC in the Jefferson Circuit Court. In its complaint, National Metals also alleged that BOC had improperly collected certain hazardous-material charges. Like the MKS action, National Metals sued on behalf of a putative class defined as those who had paid BOC those fees, and it alleged breach of contract, fraud, suppression, and unjust enrichment, as well as money had and received and theft by deception.[1]
BOC moved the trial court in the National Metals action to dismiss or stay the case, because, it said, both the putative class and the claims the class alleged were substantially similar to the prior-filed MKS
action. The trial court denied the motion, stating that the MKS action was not substantially similar, because the plaintiff in that case (MKS Holdings, Inc.) "has been dissolved and its successor in interest is seeking bankruptcy protection . . . [and] the types of claims that could be asserted . . . are different in nature and kind than those that could be asserted by National Metals." The trial court denied another motion to reconsider, and BOC filed this petition.
A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr.Co., 775 So.2d 153, 156 (Ala. 2000). A writ of mandamus may not be issued to control or review the exercise of discretion, except in a case of abuse. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1030 (Ala. 1989).
The law in Alabama is well settled: when a later-filed class action is substantially similar to a previously filed class action, the trial court in the later-filed action does not have subject-matter jurisdiction, and thus must administratively stay or dismiss the case. This was the *Page 1273 
holding in this Court's recent decision Ex parte Speedee Cash ofAlabama, Inc., 806 So.2d 389, 392 (Ala. 2001). In Speedee Cash, two similar class actions had been filed against similar defendants. The plaintiff class in the later-filed action, who alleged that their suit was broader in scope and requested more remedies, would substantially overlap the plaintiff class in the first action. 806 So.2d at 391. Speedee Cash of Alabama, Inc., a defendant in both suits, moved the circuit court in the later-filed action to dismiss or to stay that case, arguing that the court lacked subject-matter jurisdiction. The court temporarily stayed the action, but later lifted that stay, and Speedee Cash petitioned this Court for a writ of mandamus. Id.
We noted in Speedee Cash that courts should refuse jurisdiction over a class action when a substantially similar class action is already being litigated in another court:
 "`[W]hen a first-filed action containing class allegations is filed in a federal court in [Alabama], a State trial court with a later-filed action, involving the same parties and containing the same or substantially similar class allegations, should refuse to exercise jurisdiction over the action once it is apprised of the fact that the federal court has assumed jurisdiction of the earlier action.'"
Speedee Cash, 806 So.2d at 393, quoting Ex parte AmSouth Bank,735 So.2d 1151, 1153 (Ala. 1999). See also Ex parte First Nat'l Bank ofJasper, 717 So.2d 342, 350 (Ala. 1997) ("[A] court lacks subject matterjurisdiction over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations."); Ex parte Liberty Nat'l LifeIns. Co., 631 So.2d 865, 867 (Ala. 1993) ("The law does not permit a second circuit court to adjudicate the same controversy that is being litigated in a pending action in another circuit court of competent jurisdiction.").
Speedee Cash, Inc., was a defendant in both class actions, and both actions revolved around the issue whether Speedee Cash's activities were subject to the same law. Because Speedee Cash was a defendant in two different cases that involved at least one identical substantive issue, Speedee Cash faced the risk of inconsistent adjudications on that issue. Furthermore, Speedee Cash would be forced to prepare for trial on the same issues against the same parties in two different courts. 806 So.2d at 393. We therefore held that the first-filed action took precedence and that the second-filed action should be administratively stayed until the court in the first action ruled on the class certification. If the class certified in the first action included the plaintiff in the second action, then the second action should be stayed until there was a resolution of the issues common to both actions. 806 So.2d at 394.
In this case, BOC is a defendant in both suits. Both suits require the resolution of at least one identical substantive issue (i.e., the propriety of BOC's hazardous-material fees). Both involve virtually identical class definitions, and both plaintiffs assert essentially the same claims. Like the defendant in Speedee Cash, BOC faces the risk of inconsistent adjudications if both class actions go forward.
National Metals argues that the plaintiff in the prior-filed action, MKS Holdings, Inc., is a dissolved corporation whose successors have filed a petition in bankruptcy, and, therefore, it argues, MKS is unable to represent the same class of plaintiffs as National Metals represents. This argument is premature, because the trial court in the MKS action has not yet decided whether to certify the class action. Furthermore, theMKS action provides the proper forum in which to argue MKS's *Page 1274 
adequacy as a class representative, not the National Metals action. Therefore, the trial court here should stay the National Metals action until there is a ruling on class certification in the MKS action. If theMKS court does not certify a class, then the National Metals case can continue. If the MKS court does certify a class that includes theNational Metals plaintiffs, then the National Metals action should be stayed until the issues common to both actions are resolved.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
Johnstone, J., concurs in the result.
[1] The complaint in the National Metals action, unlike the one in theMKS action, also sought damages for sales taxes paid on the fees.