HOUSTON, Justice.
This is a dispute over the possession of certain election materials from the Democratic primary election in Hale County held in June 2002. Leland Avery, probate judge of Hale County, petitioned for a writ of mandamus directing Hale Circuit Judge Marvin W. Wiggins to vacate his order requiring Judge Avery to transfer all election materials from the June 2002 election to the circuit clerk of Hale County and Judge Wiggins’s subsequent order holding Judge Avery in contempt of court for failing to transfer those election materials and fining Judge Avery $200 a day for failing to comply. Furthermore, Judge Avery requests that this Court allow him to turn over the election materials to the Hale County district attorney, who has subpoenaed those materials. We grant the petition.
After the June 2002 Democratic primary election (hereinafter the “June election”), James “Buster” Brown, the losing candidate for Hale County commissioner, district four, filed an election contest with the Hale County Democratic Party Executive Committee (hereinafter the “Democratic Executive Committee”). The Democratic Executive Committee requested that Probate Judge Avery turn over to it all election materials from the June election. However, Judge Avery did not comply with the Democratic Executive Committee’s request because he had received information regarding voting irregularities in the June election.
Subsequently, the Hale County district attorney filed a motion in the Hale Circuit Court requesting that Judge Avery be instructed to turn over the election materials to the district attorney’s office so that it could conduct a criminal investigation of allegations of voter fraud in the June election. At the same time, Judge Wiggins issued an order requiring that all election materials from the June election be given to the circuit clerk of Hale County. Judge Avery did not comply with Judge Wiggins’s order. Judge Wiggins then entered a second order (1) holding Judge Avery in contempt of court for failing to turn over the election materials, (2) issuing a warrant for Judge Avery’s arrest, and (3) ordering that the election materials be seized by law-enforcement officials and taken to the clerk’s office. The district attorney filed an objection to Judge Wiggins’s order.
Judge Avery then filed a declaratory-judgment action in the Hale Circuit Court requesting that that court determine the appropriate disposition of the election materials. The district attorney subpoenaed Judge Avery to appear before the district attorney and to provide any and all absentee ballots, affidavits, applications, and assorted documents pertaining to the June election.
*139 On June 21, 2002, Judge Avery petitioned this Court for an emergency writ of mandamus directing Judge Wiggins to vacate his orders. On the same day, we ordered all parties to submit briefs in response to Judge Avery’s petition, and we stayed all orders and proceedings relating to the June election.
On June 25, 2002, James “Buster” Brown, the candidate contesting the June election, filed a motion to dismiss his contest. On July 7, 2002, a fire occurred in the building where the election materials were being held; authorities suspect that the fire could have been arson.
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). Under the circumstances of this case, the issuance of a writ of mandamus is appropriate. As discussed below, the district attorney has a right to the election materials because he is conducting a criminal investigation of the June election. Furthermore, we hold that Judge Wiggins has no jurisdiction or authority to issue an order directing that the election materials be given to the clerk.
The district attorney, not the clerk, is entitled to the election materials. The district attorney has received several claims of irregularities in the June election, some of which, the district attorney believes, may constitute voter fraud.[1] The district attorney is conducting a criminal investigation based on this information; he has the authority to seize records and documents to aid him in that investigation. See Rule 17.1(c)(2) and 17.3(a), Ala. R.Crim. P. (giving the district attorney the power to subpoena witnesses and to command those persons to produce documents).
Although the Democratic Executive Committee would be entitled to the election materials if the election to which those *140 materials were pertinent was being contested by a candidate in the election, see McAdory v. Alabama Democratic Party, 729 So.2d 310, 311 (Ala.1999)(noting that the political parties are responsible for determining the results of a contested primary election), James “Buster” Brown’s contest has been dismissed on Brown’s own motion. The only purpose for the Democratic Executive Committee to keep the materials would be to destroy them pursuant to Ala.Code 1975, § 17-16-33. Therefore, the Democratic Executive Committee has no lawful interest in the election materials at this time.
Finally, as to Judge Wiggins’s order that the election materials be turned over to the clerk, we can find no statutory authority for such an order. Furthermore, we can find neither a case name nor a party who has filed an action in the Hale Circuit Court giving Judge Wiggins jurisdiction over this dispute at the time he issued his orders. Additionally, Judge Wiggins failed to submit a response to this petition for the writ of mandamus, after this Court on June 21, 2002, ordered him to answer; therefore, the allegation that Judge Wiggins erred in issuing the two orders is deemed admitted by Judge Wiggins.
Judge Avery should immediately turn the election materials over to the Hale County district attorney for the district attorney to conduct a criminal investigation into allegations of voter fraud in the June election. Additionally, Judge Wiggins’s order directing that the election materials be given to the clerk is vacated as is his subsequent order holding Judge Avery in contempt of court for failing to comply with the order and fining him $200 a day for his noncompliance.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. The following statutes are representative of those statutes that make voter fraud a crime: Ala.Code 1975, § 17-10-17(a), provides, in part:
"(a) Any person who willfully changes an absentee voter’s ballot to the extent that it does not reflect the voter's true ballot, any person who willfully votes more than once by absentee in the same election, any person who willfully votes for another voter or falsifies absentee ballot applications or verification documents so as to vote absentee, or any person who solicits, encourages, urges, or otherwise promotes illegal absentee voting, upon conviction, shall be punished by imprisonment in the penitentiary for not less than one nor more than two years, or by a fine of not less than $500.00 nor more than $2,000.00, or by being both fined and imprisoned.”
Ala.Code 1975, § 17-16-48, provides:
"Any person who makes a false or fraudulent return of the result of any primary election, or who falsely or fraudulently changes the votes, ballots, figures or results of any election shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not less than $50.00 and not more than $1,000.00, and may be sentenced to hard labor for a term not exceeding 12 months.”
Ala.Code 1975, § 17-23-2, provides:
"Any person who falsely impersonates another and thereby or otherwise fraudulently casts a vote to which he is not entitled, or having voted at such municipal election votes a second time, ... or shall aid or assist another not so entitled, knowing him not to be so entitled, to vote or to obtain registration as a voter, shall be guilty of a felony, and, on conviction in the circuit court, or court of like jurisdiction, of the county, shall be punished by imprisonment in the penitentiary for a period of not less than one nor more than two years.”