18 So.3d 356 (2009)
Ex parte ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION.
(In re State of Alabama v. Thomas McBride).
1071616.
Supreme Court of Alabama.
March 6, 2009.
Nancy S. Jones, Alabama Department of Mental Health and Mental Retardation, for petitioner.
George B. Azar and Elizabeth C. Wimble of Azar, Azar & Moore, LLC, Montgomery, for respondent Judge Gloria Bahakel.
SMITH, Justice.
The Alabama Department of Mental Health and Mental Retardation ("the Department") petitions for a writ of mandamus directing Judge Gloria Bahakel to vacate an order she entered prohibiting the Department from transferring Thomas McBride from the Taylor Hardin Secure Mental Health Facility ("Taylor Hardin") to another of its facilities without prior written approval from the Jefferson Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History
This mandamus petition involves the application of several provisions of Rule 25, Ala. R.Crim. P. Rule 25 essentially restates the procedures codified at §§ 15-16-41 through 15-16-43, Ala.Code 1975, and "The Criminal Psychopath Release Restriction Act," §§ 15-16-60 through 15-16-71, Ala.Code 1975, relating to the "involuntary *357 commitment of a defendant found not guilty by reason of mental disease or defect and for the defendant's release from the custody of the Commissioner of the Department of Mental Health and Mental Retardation ...." Hugh Maddox, Alabama Rules of Criminal Procedure § 25.0, at 1038 (4th ed.2004).
McBride was charged with murder, a violation of § 13A-6-2, Ala.Code 1975, for the shooting death of Jason Lee Kelch in March 2001. McBride was tried in December 2003, and the jury returned a verdict of not guilty by reason of mental disease or defect.
In accordance with Rules 25.2 and 25.3, Ala. R.Crim. P.,[1] Judge Bahakel held a hearing to determine whether McBride should be involuntarily committed to the custody of the Department or to another "public facility," in accordance with Rule 25.6(b), Ala. R.Crim. P. Rule 25.6(b) provides:
"If, at the hearing held pursuant to Rule 25.3, the court finds that the defendant is mentally ill and as a consequence of such mental illness poses a real and present threat of substantial harm to himself or to others, the court shall order the defendant committed to the custody of the commissioner or to such other public facility as the court may order."
Following the hearing, Judge Bahakel committed McBride on December 10, 2003, to the custody of the commissioner of the Department. Judge Bahakel's order of commitment stated that McBride was not to be "released from custody or permitted to be at large without supervision and attendance unless specifically authorized by the Court." See Rule 25.8(a), Ala. R.Crim. P.
The Department took custody of McBride and on December 11, 2003, admitted him to Taylor Hardin. On October 29, 2007, an attorney for the Department sent the following letter to Judge Bahakel:
"On December 10, 2003, Thomas McBride was found not guilty by reason of mental disease in the above-styled matter and committed to the custody of the Department. Mr. McBride was admitted to the Department's Taylor Hardin Secure Medical Facility [on] December 11, 2003, and has remained at Taylor Hardin since that date.
"Mr. McBride's treatment team now believes he is appropriate for transfer to the Department's Bryce Hospital facility. The Hospital Review Board at Taylor Hardin has concurred with the treatment team's recommendation, and the plan is to move Mr. McBride to Bryce as soon as there is a bed available for him at that facility.
"As you know, the Department has taken the position that we have the authority to transfer forensic and other patients among Department facilities without court authorization. This practice is similar to that of the Department of Corrections where inmates are placed and transferred according to the particular needs of the inmates.
"Our routine procedure has been to simply provide notification to the involved circuit court once the transfer has taken place. Since it appears from *358 other cases that you may have the opinion that the Department does not have such authority, I am notifying you in advance of the Department's intent to transfer Mr. McBride.
"You will be advised when Mr. McBride actually has been transferred to Bryce. The date is subject to bed availability and is not precisely known at this time."[2]
On November 13, 2007, in response to the attorney's letter, Judge Bahakel entered an order stating that McBride was to remain at Taylor Hardin and that the Department was "prohibited from transferring [McBride] to a less restrictive facility without the prior written approval of this court." The Department then filed a petition for a writ of mandamus directing Judge Bahakel to vacate her order.

Standard of Review
"The standard for issuance of a writ of mandamus is well settled:
"`A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"
Ex parte McCormick, 932 So.2d 124, 127-28 (Ala.2005) (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001), citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)).

Discussion
The Department contends that Judge Bahakel did not have the authority to prohibit the Department from transferring McBride from Taylor Hardin to another of its facilities without first obtaining written approval from the committing court. The Department acknowledges that it cannot release McBride from its custody or allow him "to be at large without supervision and attendance" unless it first obtains the committing court's approval under Rule 25.8, Ala. R.Crim. P. Rule 25.8(a) provides:
"When a defendant has been committed to the custody of the commissioner or a facility as provided by Rule 25.6(b), the commissioner or the facility, as the case may be, may not release such defendant from custody or permit such defendant to be at large without supervision and attendance unless authorized to do so by court order."
See also § 15-16-62, Ala.Code 1975.
The Department contends that once a defendant has been committed to its custody under Rule 25, the committing court may not interfere with the Department's treatment of the defendant unless the court is authorized to do so by statute or rule. In her answer to the Department's petition, Judge Bahakel acknowledges "that no provision of Chapter 16 of Title 15 of the Alabama Code or the Alabama Rules of Criminal Procedure expressly authorizes *359 a committing court to prohibit the Department from transferring a defendant from one of its facilities to another." (Judge Bahakel's answer, p. 19.) However, Judge Bahakel contends that the Department's decision to transfer McBride from Taylor Hardin to Bryce Hospital necessarily implies that the Department also has decided to give McBride "grounds privileges" at Bryce Hospital.[3]
Both Judge Bahakel and the Department state that the Department must obtain court approval under Rule 25.8, Ala. R.Crim. P., before it may grant "grounds privileges" at Bryce Hospital to a defendant committed to its custody under Rule 25.6(b), Ala. R.Crim. P. Thus, both Judge Bahakel and the Department agree that if McBride is transferred to Bryce Hospital, the Department will be required under Rule 25.8(a) to seek authorization from the committing court before McBride may be granted "grounds privileges" at Bryce.[4] The parties disagree, however, over whether Rule 25.8(a) requires the Department to obtain court approval merely to transfer McBride from Taylor Hardin to Bryce Hospital.
Judge Bahakel contends that the Department's past practice has been to seek the committing court's approval before transferring a patient from Taylor Hardin to a "less-restrictive" facility such as Bryce Hospital; in those instances, according to Judge Bahakel, the Department stated that it was seeking approval of the transfer for the purpose of granting the defendant grounds privileges at the less restrictive facility. Judge Bahakel contends that a defendant transferred from Taylor Hardin to Bryce Hospital does not immediately receive grounds privileges; instead, transferees to Bryce Hospital are "confined in a secure unit ... at Bryce for about a month, sometimes more, while the treatment team becomes familiar with them. After that familiarization period, the staff will typically begin allowing the defendant to have grounds privileges." (Judge Bahakel's answer, p. 4.)
Judge Bahakel states that she learned in 2006 that the Department had transferred a defendant from Taylor Hardin to Bryce Hospital without seeking court approval. As indicated in the Department's letter to Judge Bahakel regarding McBride, the Department contends that it has the authority to transfer, without court approval, a defendant such as McBride committed to its custody under Rule 25, Ala. R.Crim. P.
Judge Bahakel asserts, however, that the Department's decision to transfer is inseparable from its decision to grant "grounds privileges." She contends that the Department
"is transferring McBride ... from Taylor Hardin to less-restrictive facilities, like Bryce [Hospital], only after professionals *360 at Taylor Hardin, in particular his treatment team there, have collectively formed an opinion that the defendant would pose no danger if allowed to move to the next less-restrictive level of privileges. For a person on Level III privileges at Taylor Hardin, the next less restrictive level is grounds privileges, and they are available only by transferring the defendant to a less-restrictive facility. In other words, Taylor Hardin treatment teams are not forming opinions about transfers that are separate and apart from their opinions that defendants are appropriate for moving to the next less-restrictive level of privileges. Rather, the transfer and the grounds privileges are all tied to one opinion, and that is the opinion that must be noticed under § 15-16-63. The Department's stated desire to notice only that part of the opinion related to grounds privileges, after a transfer, artificially divides the opinion in a way that violates the letter and spirit of § 15-16-63 of the [Criminal] Psychopath Release [Restriction] Act."
(Judge Bahakel's answer, pp. 22-23.)
We do not agree with Judge Bahakel's contention that the Criminal Psychopath Release Restriction Act and Rule 25, Ala. R.Crim. P., require the Department to secure the committing court's approval before transferring McBride to Bryce Hospital.[5] Rule 25.8(a), as noted, requires the Department to give notice to the committing court before releasing McBride or allowing him "to be at large without supervision and attendance." Similarly, § 15-16-62 requires that the Department not release McBride without the committing court's approval. Finally, § 15-16-63 requires the Department to seek the committing court's approval before it could release McBride under certain conditions.
In sum, those provisions require the approval of the committing court for the Department to release McBride from its custody or to permit McBride to be at large without supervision and attendance. Nothing in the materials before us indicates that the Department, by transferring McBride to Bryce Hospital, is releasing him or permitting him to be at large "without supervision and attendance." Consequently, the provisions on which Judge Bahakel relies from the Criminal Psychopath Release Restriction Act and Rule 25, Ala. R.Crim. P., do not require the Department to seek the approval of the committing court before transferring McBride from Taylor Hardin to Bryce Hospital.
Alternatively, Judge Bahakel argues that she was authorized to commit McBride directly to Taylor Hardin because, she contends, Taylor Hardin is an "other public facility" under § 15-16-43, which states:
"If, at the final hearing, the court finds that the defendant is mentally ill and as a consequence of such mental illness poses a real and present threat of substantial harm to himself or to others, the court shall order the defendant committed to the custody of the Commissioner of the Alabama State Department of Mental Health or to such other public facility as the court may order."
(Emphasis added.) Section 15-16-43 is substantially identical to Rule 25.6(b), Ala. R.Crim. P.
*361 Rule 25.7(a), Ala. R.Crim. P., states that "[f]or good cause, the court may modify any order entered under Rule 25.6 at any time." Although Judge Bahakel initially entered an order committing McBride to the custody of the Department under Rule 25.6, Judge Bahakel asserts that she was authorized to amend that order under Rule 25.7(a) to commit McBride directly to Taylor Hardin and order that he remain there.
Judge Bahakel argues that
"Taylor Hardin is a public facility and the authority for its establishment was an act of the Alabama Legislature (Ala. Acts of 1975, No. 1220) separate from the legislative acts that created the Department (Ala. Acts of 1965, No. 881, & Ala. Acts of 1984, No. 84-242). Taylor Hardin is uniquely positioned among the State's mental health facilities to supervise persons who have committed serious crimes and who are mentally ill and pose a real and present threat of substantial harm to others. Because the State has no other secure mental health facility like Taylor Hardin, Judge Bahakel submits, Taylor Hardin satisfies the definition of the term `other public facility' to which a court may commit a defendant pursuant to § 15-16-43 (and Rule 25.6(b))."
(Judge Bahakel's answer, p. 28.)
The Department contends, however, that Taylor Hardin exists as a facility of the Department and that there is no authority indicating that Taylor Hardin exists separately from the Department's control. Consequently, the Department argues, Taylor Hardin is not an "other public facility" under Rule 25.6(b) and Judge Bahakel therefore could not commit McBride directly to Taylor Hardin rather than to the custody of the commissioner of the Department. We agree.
No definition of "other public facility" is provided in Rule 25 or in Title 15, Chapter 16, of the Alabama Code 1975. However, § 1 of Act No. 1220, Ala. Acts 1975, which authorized the Department to establish the institution now known as Taylor Hardin, specifically provides that the institution authorized thereunder is "under the jurisdiction of" the Department.[6] Accordingly, we hold that, because it is under the jurisdiction of the Department, Taylor Hardin is not an "other public facility" under Rule 25, Ala. R.Crim. P. Thus, under Rule 25.6(b) and § 15-16-43, Judge Bahakel was not authorized to commit McBride directly to Taylor Hardin rather than to the custody of the Department.[7]

Conclusion
The petition for the writ of mandamus is granted.
PETITION GRANTED; WRIT ISSUED.
*362 COBB, C.J., and WOODALL, STUART, and PARKER, JJ., concur.
SHAW, J., recuses himself.
NOTES
[1] Rule 25.2(a) provides: "If the defendant is found not guilty by reason of mental disease or defect, or not guilty and not guilty by reason of mental disease or defect, the court shall forthwith determine whether the defendant should be held for hearing on the issue of his involuntary commitment under Rule 25.3." Rule 25.3, Ala. R.Crim. P., provides: "Whenever the court finds probable cause pursuant to Rule 25.2(b), the court shall hold a hearing within seven (7) days of the order issued pursuant thereto to determine whether the defendant shall be involuntarily committed."
[2] In her answer to the Department's petition for the writ of mandamus, Judge Bahakel states that she has not received from the Department any records related to McBride's mental condition since his admission to Taylor Hardin in December 2003. However, nothing in the materials before us indicates that Judge Bahakel requested any of McBride's records. See Rule 25.7(b), Ala. R.Crim. P. ("The court may order the commissioner [of the Department] to submit periodic reports on the status of any defendant committed pursuant to Rule 25.6. Such reports shall be submitted to the court, the district attorney, and the defendant, the defendant's guardian, or the defendant's attorney.").
[3] Judge Bahakel contends that patients with "grounds privileges" at Bryce Hospital are eventually permitted, in graduated increments of time, to move to different parts of the facility where there is varied, and gradually less, supervision.
[4] The Department states in its reply to this Court that

"the reality is that when, and if, a criminal defendant (who has been committed to the [Department]) is considered appropriate for privileges on the grounds of Bryce Hospital (or on the grounds of another of the [Department's] facilities), then a request will be made to the Circuit Court for authorization to do so as required by Rule 25.8(a) of the Alabama Rules of Criminal Procedure. Absent such approval, the defendant cannot be `at large without supervision and attendance.' Therefore, [Judge Bahakel's] argument that the probability that a criminal defendant who has been transferred to Bryce Hospital may soon be appropriate for grounds privileges serves as a basis for the court's authority to prevent the defendant's transfer to Bryce Hospital is simply not logical or persuasive."
[5] As noted, the parties assume that court approval is required for McBride to receive "grounds privileges" at Bryce Hospital, and there is no evidence indicating that the Department intends to grant "grounds privileges" to McBride without first obtaining the court's approval. Therefore, we express no opinion as to whether the Department is required under Rule 25, Ala. R.Crim. P., or the Criminal Psychopath Release Restriction Act to seek the committing court's approval before McBride can be given "grounds privileges" at Bryce Hospital.
[6] Act No. 1220, Ala. Acts 1975, is codified at § 22-54-1 et seq., Ala.Code 1975. Section 22-54-1 provides:

"(a) The Alabama Department of Mental Health and Mental Retardation is hereby authorized to establish an institution for persons displaying evidence of mental illness or psychosocial disorders and requiring diagnostic services and treatment in a security setting.
"(b) The institution shall be under the jurisdiction of the Alabama Department of Mental Health and Mental Retardation and shall be known as the Alabama Security Medical Facility."
[7] Our resolution of this petition in favor of the Department on these grounds pretermits our consideration of the Department's contention that Judge Bahakel's order violates the separation-of-powers provisions of the Alabama Constitution of 1901.