SHAW, Justice
(dissenting).
Steven Ray Parnell sued Opie Earl Sullivan seeking damages for injuries he alleges were caused by Sullivan’s negligence and wantonness in causing a motor-vehicle accident. In the course of discovery, Parnell filed interrogatories and requests for production seeking information regarding, among other things, whether Sullivan had “transferred or conveyed any real or personal property to any third party” since the time of the accident. Sullivan responded, arguing that the information sought was not relevant to the subject matter involved in the action, that the information sought was inadmissible information that was not reasonably calculated to lead to the discovery of admissible information, and that the request violated Rule 403, Ala. R. Evid. Parnell filed a motion to compel Sullivan to respond to the interrogatories and requests for production. The trial court conducted a hearing and ultimately granted Parnell’s motion to compel.
Sullivan filed a petition for a writ of mandamus with this Court, challenging the trial court’s order compelling discovery. No stay of the lower court proceedings was originally requested. Soon thereafter, Parnell filed an amended complaint in the trial court adding a claim alleging fraudulent conveyance. This Court ordered answers and briefs to the petition. See Rule 21(b), Ala. RApp. P.
Mandamus relief is appropriate when the petitioner can show “(1) a clear legal right to the order sought; (2) an impera *556 tive duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). This Court generally does not review discovery orders pursuant to extraordinary writs. Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003). However, we have identified certain circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus, including “when a discovery order compels the production of patently irrelevant or duplicative documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party....” Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1137 (Ala. 2003).
Sullivan argues the discovery sought by Parnell is patently irrelevant. Parnell contends, however, that the addition of the fraudulent-conveyance claim mooted Sullivan’s objections because the discovery sought is relevant to the new claim. At this point, we are not in a position to determine whether the discovery sought is relevant to the new claim. Thus, I am unable to determine whether Sullivan’s mandamus petition is moot. Instead, the fact that the fraudulent-conveyance claim may render the trial court’s order proper precludes Sullivan from demonstrating a clear legal right to the relief sought. BOC, supra. I would thus deny the petition instead of dismissing it.