Rel: May 31, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0327

_____

**Ex parte Jay Phillips, Tyrone Trawick, Ron Pettway, Curtis Bennett, Gerald Worthington, and Darrell Moorer**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Howard Jones and Dorothy Jones**

**v.**

**Jay Phillips, Tyrone Trawick, Ron Pettway, Curtis Bennett, Gerald Worthington, and Darrell Moorer)**

**(Dallas Circuit Court: CV-17-900090)**

STEWART, Justice.

PETITION DENIED. NO OPINION.

Parker, C.J., and Shaw, Wise, Bryan, and Mitchell, JJ., concur.

Cook, J., concurs specially, with opinion.

Sellers, J., dissents, with opinion, which Mendheim, J., joins.

COOK, Justice (concurring specially).

I concur with the denial of the petition for a writ of mandamus. I write specially to explain my disagreement with Justice Sellers.

## I. What We are Not Deciding Here

I want to be clear about what we are not being asked to decide at this stage. In reaching our decision here, our Court has not decided the merits of the questions being raised by the parties in this case. Instead, we have merely decided whether the requirements for the "'extraordinary remedy'" of a writ of mandamus -- that is, "'(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court'" -- have been met. Ex parte Gulf Health Hosps., Inc., 321 So. 3d 629, 632 (Ala. 2020) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001), citing in turn Ex parte Inverness Constr. Co., 775 So. 2d 153, 156 (Ala. 2000)).

As explained below, at this time, I do not believe that the defendants -- Jay Phillips, Tyrone Trawick, Ron Pettway, Curtis Bennett, Gerald Worthington, and Darrell Moorer -- have shown a "clear legal

3

right" to the relief they are seeking here. While they may eventually be able to demonstrate on appeal that no genuine issue of material fact exists in this case and that they are entitled to a judgment in their favor as a matter of law, that is a determination for the future and has no bearing on the outcome here.

## II. Background

In May 2015, Howard Jones was working at his job with Bush Hog, Inc., when he was injured while helping to operate a chain hoist, which is a piece of equipment that uses a chain to lift and move heavy components during a manufacturing process. Jones was holding one such component while it was being moved by the chain hoist. The materials before our Court suggest that a chain hoist can be equipped with a "chain bag" intended to hold excess slack chain that is not under tension. According to Jones, the chain bag that had been installed on the chain hoist had fallen into disrepair, and, on the day of his injury, the excess chain would not stay in the bag. At some point, the excess chain became stuck in a gear box. When the chain hoist moved, the lodged excess chain suddenly released from the gear box, causing Jones's arms to "jerk," which, he says, resulted in injuries to his arms, neck, knees, and back.

4

After Jones settled a claim against Bush Hog for workers' compensation benefits under the Alabama Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975, in March 2017, he and his wife Dorothy ("the plaintiffs") commenced the present action in the Dallas Circuit Court against the defendants, who were some of his coworkers. In their complaint, the plaintiffs alleged that the defendants' "willful conduct" in failing to maintain the chain bag had caused Jones's injuries. See generally § 25-5-11(b), Ala. Code 1975 (providing, in relevant part, that, "[i]f personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, or employee of the same employer …, the employee shall have a cause of action against the person …."), and § 25-5-11(c)(2) (defining "willful conduct" in relevant part as "[t]he willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal" (emphasis added)).

The defendants subsequently moved for a summary judgment, asserting in part that the chain bag was not provided by the

5

manufacturer of the chain hoist at issue -- Ingersoll-Rand. Accordingly, the defendants argued that they were entitled to immunity under the Act.

The trial court denied the defendants' motion, and they petitioned this Court for a writ of mandamus. See Ex parte Tenax Corp., 228 So. 3d 387, 391 (Ala. 2017) ("[T]he denial of a summary-judgment motion based on a claim of immunity under the exclusive-remedy provisions of the Workers' Compensation Act is … reviewable by a petition for a writ of mandamus."); Ex parte Varoff, 380 So. 3d 371, 375 (Ala. 2022) (issuing a writ of mandamus in a co-employee action brought pursuant to § 25-5-11 and noting that the Act "expressly immunizes employees from suits by their co-employees stemming from on-the-job accidents unless there is some evidence of the defendant employee's willful conduct").

### III. The Present Petition for a Writ of Mandamus

According to the defendants, Jones's claim can be submitted to a jury only if there is substantial evidence that his injury was "caused by (1) the removal, omission or failure to maintain (2) a manufacturer-provided (3) 'safety device,' which is not a component part of the machine, (4) with knowledge that injury was probable or likely to result." Petition

6

at 16 (citing <u>Layne v. Carr</u>, 631 So. 2d 978, 983 (Ala. 1994); <u>Mallisham v. Kiker</u>, 630 So. 2d 420, 423-24 (Ala. 1993); and <u>Lane v. Georgia Cas. & Surety Co.</u>, 670 So. 2d 889, 892 (Ala. 1995)). The defendants contend that the evidence they presented below "<u>unquestionably demonstrates</u>" that the chain bag was not provided by the manufacturer of the chain hoist. <u>Id.</u> at 19 (emphasis added). Therefore, they contend, they were entitled to a summary judgment on the basis of immunity under §§ 25-5-52 and 25-5-53 of the Act.[1] The plaintiffs, pointing to their expert's affidavit testimony and verbiage in the manufacturer's manual for the chain hoist, contend, however, that they presented substantial evidence demonstrating that a genuine issue of material fact existed as to whether the chain bag was a safety device provided by the manufacturer.

<u>"Provided by the Manufacturer"</u>

The crux of the parties' dispute here appears to be whether the

_____

[1]Section 25-5-52, Ala. Code 1975, provides, in part: "Except as provided in [the Act], no employee of any employer subject to [the Act] ... shall have a right to any other method, form, or amount of compensation or damages for an injury or death" resulting from a workplace accident. Section 25-5-53, Ala. Code 1975, provides that the Act bestows the exclusive rights and remedies for employees injured in workplace accidents, and it extends the immunity coverage of § 25-5-52 to co-employees, except when the cause of action is based upon willful conduct.

7

chain bag (safety device) was "<u>provided</u>" by the manufacturer of the chain hoist. <u>See</u> § 25-5-11(c)(2) (stating, in relevant part, that "willful conduct" includes "[t]he willful and intentional removal from a machine of a safety guard or safety device <u>provided by the manufacturer</u> of the machine with knowledge that injury or death would likely or probably result from the removal" (emphasis added)).[2]

In support of their summary-judgment motion below, the defendants attached, among other things, the affidavit from Bush Hog's vice president of operations, Tyrone Trawick. According to the defendants, Trawick provided undisputed evidence based on his personal knowledge that established that the chain bag was not "<u>attached</u>" by the manufacturer of the chain hoist. Petition at 6 (emphasis added). However, this assertion does not directly respond to the key language in § 25-5-11(c)(2) because it does not address whether the chain bag was "<u>provided</u>" by the manufacturer of the chain hoist.

Trawick also stated in his affidavit that the chain bag was not "<u>supplied</u>" by the manufacturer of the chain hoist "<u>unless purchased</u>

---

[2]Neither side provides any argument concerning the "knowledge" element in § 25-5-11(c)(2).

separately." (Emphasis added.) Once again, however, this does not directly respond to the language in § 25-5-11(c)(2) because the chain bag could have been purchased separately from the manufacturer.

Trawick's deposition testimony is even less helpful. During his deposition, Trawick stated that Bush Hog had purchased hoist systems from various sources, that some offered chain containers with their hoist systems, and that he did not know from which source Bush Hog had purchased the chain hoist that was involved in Jones's injury. See, e.g., Petition, Ex. 3 -- Trawick deposition at 15 ("Q. … [A]ll indications point to the company that manufactured the chain hoist, they also provided the chain bag; correct? A. Not in all cases, but sometimes we -- they didn't have a bag. We purchased bags ourselves from a different source. Q. Oh, you did? A. In some cases, yes." (emphasis added)); id. at 16 ("Q. But at the end of the day, whoever sold y'all the chain hoist system, they also offered chain bags? A. Not in all cases, but in some cases, yes." (emphasis added)); id. ("Q. Do you know who sold [the chain bag on that system] to Bush Hog? Q. I do not." (emphasis added)). Again, none of this testimony directly addresses the key language in § 25-5-11(c)(2). Although the defendants contend that Trawick's testimony was supported by invoices

they submitted from a supplier for chain bags, I note that those invoices were from <u>after the date of the injury</u>.

Based on the foregoing, I disagree with Justice Sellers that Trawick's affidavit was sufficient to meet the defendants' prima facie burden of establishing that there is no genuine issue of material fact regarding whether the manufacturer of the chain hoist "provided" the chain bag.

That being said, I do agree with much of what Justice Sellers writes regarding the problems with the affidavit submitted by the plaintiffs from their expert in mechanical, structural, and safety engineering, Robert T. Tolbert, in opposition to the defendants' summary-judgment motion. In his affidavit, Tolbert opined that the chain bag and the chain hoist were provided by the same manufacturer. However, Tolbert claimed to base his conclusion, in part, <u>on his interpretation of the chain hoist manual</u>. Whether it is appropriate for this expert to interpret the wording of an equipment manual and then to use such an interpretation to testify about a historical fact is a difficult evidentiary question. <u>See, e.g.</u>, <u>Kirksey v. Schindler Elevator Corp.</u>, Civil Action 15-0115-WS-N, Sept. 21, 2016 (S.D. Ala. 2016) (not reported in the Federal Supplement) (rejecting

expert testimony in similar situation). Further, Tolbert's opinion on this issue is inconsistent. For instance, at one point, he testifies that it is his "opinion" that the manufacturer of the chain hoist provided this chain bag, but, at another point, he opines that it is merely "plausible" that the manufacturer did so. Thus, like Justice Sellers, I question whether Tolbert's affidavit alone could provide substantial evidence indicating that Ingersoll-Rand provided the chain bag along with the chain hoist it manufactured.

Despite my agreement with Justice Sellers on this issue, however, as stated previously, at this stage, our Court is not deciding the merits of the issues being raised by the parties here. Instead, we are merely tasked with determining whether the defendants have demonstrated that they have a "clear legal right" to the relief they are seeking here. Based on the facts and materials before us at this time, I do not believe that the defendants have shown a "clear legal right" to immunity under the Act. It is for this reason that I concur with the denial of their mandamus petition.

SELLERS, Justice (dissenting).

I would grant the petition for a writ of mandamus in this matter. Accordingly, I respectfully dissent.

In May 2015, Howard Jones was working at his job with Bush Hog, Inc., when he was injured while helping to operate a chain hoist, which is a piece of equipment that uses a chain to lift and move heavy components during a manufacturing process. Jones was holding one such component while it was being moved by the chain hoist. The materials before the Court suggest that a chain hoist can be equipped with a "chain bag" intended to hold excess slack chain that is not under tension. Jones has alleged that, on the day of his injury, excess chain would not stay in a chain bag that had been installed on the chain hoist and became stuck in a gear box. According to Jones, when the chain hoist moved, the lodged excess chain suddenly released from the gear box, causing his arms to "jerk." He claims that this caused him to suffer injuries to his arms, neck, knees, and back. He also claims that, before the day of the accident, the chain bag at issue had fallen into disrepair and that the condition of the chain bag caused the excess chain to fall out of the bag and, ultimately, resulted in his injuries.

12

Jones sought workers' compensation benefits from Bush Hog under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. Jones and Bush Hog settled that claim in March 2017. Jones then commenced an action under § 25-5-11, Ala. Code 1975, against some of his co-employees, namely, Jay Phillips, Tyrone Trawick, Ron Pettway, Curtis Bennett, Gerald Worthington, and Darrell Moorer ("the defendants"), alleging that their "willful conduct" had caused Jones's injuries. See generally § 25-5-11(b), Ala. Code 1975 ("If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, or employee of the same employer …, the employee shall have a cause of action against the person ….". Jones's wife Dorothy joined as a plaintiff and sought to recover for her loss of consortium.

Jones relied on § 25-5-11(c)(2), which defines "willful conduct" in part as intentionally and willfully removing from a machine a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury will likely or probably result from that removal. This Court has suggested that "the failure to maintain and/or repair a safety guard or device provided by the manufacturer of a particular

13

machine" may qualify as the removal of a safety device for purposes of § 25-5-11(c). Moore v. Reeves, 589 So. 2d 173, 178 (Ala. 1991). Jones claims that the defendants' alleged failure to maintain the chain bag constituted the removal of a safety device from the chain hoist.

The defendants filed a motion for a summary judgment, asserting in part that the chain bag was not provided by the manufacturer of the chain hoist at issue, which was Ingersoll-Rand. Thus, they asserted, the alleged failure to maintain the chain bag could not be considered willful conduct under § 25-5-11(c), which refers to the removal of safety devices "provided by the manufacturer." Accordingly, the defendants argued that they are entitled to immunity under the Workers' Compensation Act. The trial court denied the defendants' motion, and they petitioned this Court for a writ of mandamus. See Ex parte Tenax Corp., 228 So. 3d 387, 391 (Ala. 2017) ("[T]he denial of a summary-judgment motion based on a claim of immunity under the exclusive-remedy provisions of the Workers' Compensation Act is … reviewable by a petition for a writ of mandamus."); Ex parte Varoff, 380 So. 3d 371, 375 (Ala. 2022) (issuing a writ of mandamus in a co-employee action brought pursuant to § 25-5-11(c) and noting that the Workers' Compensation Act "expressly

14

immunizes employees from suits by their co-employees stemming from on-the-job accidents unless there is some evidence of the defendant employee's willful conduct").

Tyrone Trawick, who is Bush Hog's vice president of operations and one of the defendants in this case, submitted an affidavit, based on his personal knowledge, identifying the chain hoist that Jones was using when he was injured and averring that "chain bags are not supplied by the manufacturer unless purchased separately," that "Bush Hog purchases chain bags and chain containers from third-party suppliers," and that "[c]hain bags are sold as 'after-market accessories' by Ingersoll-Rand." In my view, Trawick's affidavit was sufficient to meet the defendants' prima facie burden of establishing that there is no genuine issue of material fact regarding whether the manufacturer of the chain hoist provided the chain bag.

In response to the defendants' summary-judgment motion, Jones submitted an affidavit from his expert witness, engineer Robert Tolbert. Based on a few pages in the operations manual that came with the chain hoist, which provided guidance on installing and using a chain bag, Tolbert opined that the chain hoist Jones was using came with the chain

15

bag in question and that the chain bag was therefore "provided by the manufacturer" of the chain hoist. But I do not believe that these instructions support anything other than the idea that chain bags can (or perhaps should) be used with chain hoists and, at most, speculation that the chain bag at issue here possibly could have been provided by the manufacturer of the chain hoist. Thus, I cannot read Tolbert's affidavit as substantial evidence indicating that Ingersoll-Rand provided the chain bag along with the chain hoist it manufactured and that the defendants' alleged failure to maintain the chain bag amounted to the removal of a safety device provided by the manufacturer of the chain hoist. In any event, regardless of where the chain bag came from, I do not believe there is substantial evidence indicating that the defendants took any action with respect to the chain bag "with knowledge that injury or death would likely or probably result." § 25-5-11(c)(2). Mere negligence is not sufficient to support a co-employee action under § 25-5-11(c), which requires evidence of intentional willful conduct, including evidence indicating that the defendants knew or should have known that their acts or omissions probably would injure a coworker. Jones has not cleared that high bar.

Because I do not believe that Jones has presented substantial evidence indicating that the "willful conduct" of the defendants caused Jones's injuries, I would conclude that they are immune under the Workers' Compensation Act. Accordingly, I would grant the petition for a writ of mandamus.

Mendheim, J., concurs.