62 So.3d 531 (2010)
Ex parte M.J.W.
(In re L.E. v. M.J.W.).
2091171.
Court of Civil Appeals of Alabama.
November 12, 2010.
*532 Michael J. Hoyt of Harbison & Hoyt, LLC, Silverhill, for petitioner.
David A. Simon of Wills and Simon, Bay Minette, for respondent.
BRYAN, Judge.
M.J.W. ("the mother") petitions this court for a writ of mandamus directing the Baldwin Juvenile Court ("the juvenile court") to enter a stay of the dependency proceeding involving the mother's two children, V.R.E. and W.C.E. (hereinafter referred to collectively as "the children"). For the reasons set forth below, we deny the petition.

Facts and Procedural History
On October 26, 2009, W.E.E., the mother's husband and the father of the children, died. According to W.E.E.'s death certificate, his death was caused by the "toxic effects of methadone" and was ruled an accident. On or about April 23, 2010, the mother was indicted by the grand jury of Baldwin County on two counts related to the death of W.E.E.: criminally negligent homicide, in violation of § 13A-6-4, Ala.Code 1975, and unlawful distribution of a controlled substance, in violation of § 13A-12-211, Ala.Code 1975.
On or about May 27, 2010, L.E., the paternal aunt of the children ("the paternal aunt"), filed a petition alleging that the mother was not a fit and proper person to have custody of the children because of the criminal charges pending against the mother, because the mother was not meeting the needs of the children, and because mother had allowed the children to live in *533 "squalor."[1] The paternal aunt sought custody of the children. The mother subsequently filed a motion to stay the proceedings initiated by the paternal aunt. The mother argued that she was unable to properly defend the action initiated by the paternal aunt because it would require her to testify about circumstances related to the criminal charges that were pending against her in the Baldwin Circuit Court in violation her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.
The juvenile court conducted a hearing on the mother's motion to stay on August 30, 2010. On September 8, 2010, the juvenile court entered an order granting the mother's motion to stay a final adjudication until after the mother's criminal charges were resolved and denying the mother's motion to stay "as to a hearing pendente lite in this matter." On September 16, 2010, the mother filed a petition for a writ of mandamus with this court seeking an order compelling the juvenile court to stay the pendente lite proceeding until after the resolution of her criminal case.

Discussion
"A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala.2004). A writ of mandamus is `appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). . . . [I]t appears from the record that the trial court considered only the arguments presented by counsel. . . . Thus, our review of the facts  and the application of the law to those facts  is de novo. [Ex parte] Ebbers, 871 So.2d [776,] 790 [(Ala.2003)]. However, the purpose of our review is to determine only if the petitioner has shown that the [juvenile] court exceeded the discretion accorded it in determining whether to grant the requested stay. Id."
Ex parte Antonucci, 917 So.2d 825, 830 (Ala.2005).
In her petition, the mother argues that allowing the civil pendente lite proceeding to continue threatens her right against self-incrimination in the criminal proceeding pursuant to the Fifth Amendment to the United States Constitution, which states that a person shall not "be compelled in any criminal case to be a witness against himself."[2] She maintains that the juvenile court exceeded its discretion in denying her motion to stay the civil proceeding in its entirety and that she is entitled to a writ of mandamus compelling the juvenile court to vacate its order denying in part her motion to stay the civil *534 proceeding. Our research has revealed no Alabama caselaw directly addressing the question whether a civil proceeding may continue in circumstances such as these, despite the threat to the mother's Fifth Amendment rights, because of the substantial risk of harm to the children. However, in Ex parte Ebbers, 871 So.2d 776 (Ala.2003), our supreme court noted the following general principles of law that have emerged from caselaw regarding the ability of a party to stay a civil proceeding on Fifth Amendment grounds:
"1. A party is entitled to assert the Fifth Amendment privilege against self-incrimination. . . so long as the party reasonably apprehends a risk of self-incrimination. A party need not be indicted to properly claim the Fifth Amendment privilege.
"2. When the Fifth Amendment privilege is asserted, it is for the trial court, not the party asserting the privilege, to determine whether the party's apprehension of a risk of self-incrimination is reasonable and well-founded.
"3. The Fifth Amendment privilege applies in state-court civil proceedings, including depositions. A party cannot be compelled to testify or compelled to provide discovery in a civil proceeding while there is a parallel criminal action pending against the party.
"4. The United States Constitution does not automatically require a stay of civil proceedings pending the outcome of parallel criminal proceedings or potential parallel criminal proceedings.
"5. Whether to grant a stay to a party in a civil case who is the target of actual or threatened parallel criminal proceedings must be determined by weighing and balancing the interest of the party moving for the stay in postponing the civil action against the prejudice to the other party that might result from delay.

". . . .
"7. A court has the discretion to stay civil proceedings . . . in the face of parallel criminal proceedings against one of the parties when the interests of justice seem to require. . . .
"8. `[The] state-court procedural considerations must at all times yield, however, to relevant federal constitutional principles.' [Ex parte] Baugh, 530 So.2d [238,] 242 [(Ala.1988)] (and as quoted in [Ex parte] Coastal Training, 583 So.2d [979,] 981 [(Ala.1991)]). `[W]hen state concerns for judicial economy conflict with federal constitutional rights, the state concerns must give way.' [Ex parte] White, 551 So.2d [923,] 924 [(Ala.1989)]. . . .
". . . .
"11. A civil party's Fifth Amendment right against self-incrimination cannot be adequately protected by requiring him simply to assert his right to remain silent when asked specific questions during a civil deposition; such an approach construes the Fifth Amendment too narrowly.. . ."
871 So.2d at 787-88 (final emphasis added; some citations omitted).
The court in Ebbers then noted "various factors that might properly enter into a weighing and balancing analysis," 871 So.2d at 789, including:
"1. The interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation.
"2. The private interest of the defendant and the burden that any particular aspect of the proceedings may impose on the defendant.

*535 "3. The extent to which the defendant's Fifth Amendment rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case.
"4. The convenience of the court in the management of its cases, and the efficient use of judicial resources.
"5. The interest of persons not parties to the civil litigation.

"6. The interest of the public in the pending civil and criminal litigation.
"7. The status of the criminal case, including whether the party moving for the stay has been indicted.
"8. The timing of the motion to stay."
871 So.2d at 789-90 (emphasis added; citations omitted). The court in Ebbers recognized that some of the factors overlap to some degree and that not all the factors are applicable in every case. 871 So.2d at 790. Furthermore,
"[a]lthough [the supreme c]ourt in Ebbers identified numerous factors that a court may consider in the weighing and balancing analysis undertaken to determine whether to stay civil proceedings in the face of parallel criminal proceedings, in reviewing the trial court's determination we look only to those factors actually argued before the trial court. Ebbers, 871 So.2d at 792."
Ex parte Antonucci, 917 So.2d at 830.
At the hearing before the juvenile court, the mother argued that her interest in staying the civil proceeding to protect her Fifth Amendment right outweighs any prejudice the paternal aunt might suffer as a result of the stay. It is undisputed that the mother had been indicted by the grand jury of Baldwin County and that the criminal charges against the mother remained pending at the time the juvenile court ordered the civil proceeding to continue, albeit only on a pendente lite basis. Moreover, the paternal aunt, in her response to the mother's petition for a writ of mandamus, conceded that "[t]here is no dispute that a good portion of the case . . . against the mother in this . . . proceeding will involve facts relating to the criminal charges against [the mother]." Accordingly, we conclude that there is "significant overlap" between the civil proceeding and the criminal proceeding pending against the mother and that the mother's testimony in the civil proceeding could be potentially incriminating in the criminal proceeding. Antonucci, 917 So.2d at 830. Thus, the mother "is entitled to assert the Fifth Amendment privilege against self-incrimination. . . [because she] reasonably apprehends a risk of self-incrimination." Ebbers, 871 So.2d at 787.
However, in determining whether the juvenile court exceeded its discretion in failing to grant a stay of the pendente lite proceeding, we must balance the mother's interest in staying the civil proceeding in its entirety against the prejudice that might result by postponing the pendente lite proceeding until the mother's criminal charges are resolved. Ebbers, 871 So.2d at 789-90. The mother argued that she would be just as unable to defend herself in a pendente lite hearing as she would be in a final hearing on the paternal aunt's petition. On the other hand, the paternal aunt argued that the children, who are third parties to the civil action, needed protection and that it went against reason to allow the children to remain indefinitely in the mother's care, where, she argued, their welfare was endangered, while the mother's criminal case proceeded simply because the mother's Fifth Amendment rights were threatened.
At the time the paternal aunt filed her petition in the juvenile court, the mother had custody of the children. Thus, the *536 juvenile court was required to balance the mother's interest in postponing the civil proceeding in its entirety against the prejudice that might result to the children, as third parties, if the entirety of the civil proceeding was postponed until after the resolution of the mother's criminal charges. The paternal aunt's petition contained allegations that, if true, would be sufficient to support a finding that there was a substantial risk of harm to the children if they remained in the custody of the mother. Thus, the risk of prejudice to the children if the juvenile court granted a stay of the entire civil proceeding was overwhelming.
Undoubtedly, the state's interest in protecting the children of this state from a substantial risk of harm is not simply a "procedural consideration" that must automatically yield to the mother's Fifth Amendment rights. See Ex parte Baugh, 530 So.2d 238, 242 (Ala.1988). Our supreme court has stated that "[i]t is the court's duty to scrupulously guard and protect the interests of children," Ex parte Fann, 810 So.2d 631, 638 (Ala.2001), and the stated purpose of the Alabama Juvenile Justice Act, codified at Ala.Code 1975, § 12-15-101 et seq., "is to facilitate the care [and] protection . . . of children who come under the jurisdiction of the juvenile court." § 12-15-101(a). Furthermore, this court has recognized that the state has a compelling interest in protecting its children from harm. See E.H.G. v. E.R.G., [Ms. 2071061, March 12, 2010] ___ So.3d ___ (Ala.Civ.App.2010). The juvenile court, by denying the mother's motion to stay the proceeding so that pendente lite custody of the children could be determined, recognized that the children, as third parties to the dependency action, had a substantial interest in the matter and that, in such circumstances, the juvenile court was required to proceed in a manner so as to protect the children from the substantial risk of harm. The juvenile court, by proceeding only on a pendente lite basis and by staying a final determination of dependency and custody of the children, effectively balanced its duty to scrupulously protect the children from the substantial risk of harm and the interest of the children in living in a home free from the substantial risk of harm against the mother's interest in postponing the entire civil proceeding until after resolution of the criminal charges.
Therefore, we cannot conclude that the juvenile court exceeded its discretion by failing to grant the mother's request for a stay of the pendente lite proceeding in this matter. Accordingly, because the mother has failed to demonstrate that she had a clear legal right to the relief requested, the mother's petition for a writ of mandamus is denied.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] We conclude that the allegations in the paternal aunt's petition were sufficient to invoke the juvenile court's exclusive original jurisdiction over dependency actions. See § 12-15-114(a), Ala.Code 1975, and § 12-15-102(8)(a), Ala.Code 1975 (defining "dependent child").
[2] The mother also argues that the juvenile court's failure to stay the pendente lite proceeding violated Art. I, § 6, Ala. Const. 1901, which states "[t]hat in all criminal prosecutions, the accused . . . shall not be compelled to give evidence against himself. . . ." However, nothing in the materials presented to this court demonstrates that the mother's argument before the juvenile court included an argument regarding Art. I, § 6, Ala. Const. 1901. Therefore, this opinion will consider only the mother's argument regarding her Fifth Amendment right against self-incrimination. See Ex parte Ebbers, 871 So.2d 776, 786 (Ala.2003).